## 66203. McCANN v. THE STATE.

BIRDSONG, Judge.

William B. McCann was convicted of speeding and driving under the influence of alcohol. The only evidence offered by the state showed that McCann was detected by radar speeding approximately 60 mph in a 45 mph zone. Upon being stopped, the officer detected the odor of alcohol upon McCann's breath and secured McCann's consent to take a breatholizer test, which indicated an alcohol level of .11. Apparently it was upon the basis of the speed, odor of alcohol, and the alcohol level that McCann was charged with DUI, inasmuch as the officer detected no erratic driving (other than speeding) or aberrational physical conduct. The trial court charged upon the legal presumption arising from the .11 breatholizer reading and it is upon this charge that McCann brings this appeal. McCann asserts that the statute is unconstitutional for mandating a presumption of intoxication if the reading is above .10 and that the charge based upon the statute shifted the burden to the appellant. *Held:*

1. We reject the constitutional argument offered by appellant. This case was transferred to the Supreme Court for its consideration of the constitutional argument. That court transferred the case back to this court without opinion or other comment. The Supreme Court's refusal to review McCann's constitutional challenges to OCGA § 40-6-392 (Code Ann. § 68A-902.1) renders such contention without merit. *Cassells v. Bradlee Mgt. Svs.,* 161 Ga. App 325, 326 (1) (291 SE2d 48); *Denton v. State,* 154 Ga. App. 427 (2) (268 SE2d 725).

2. In construing the charge of the court in relation to a shifting

of the burden, we have carefully examined the relevant portions of the charge in context with the entire charge. In this regard the court charged: "Now, upon the trial of any criminal proceeding arising out of acts alleged to have been committed by any person while driving ... a moving vehicle while under the influence of alcohol, the amount of alcohol in the person's blood at the time alleged as shown by chemical analysis of such person's . . . breath . . . shall give rise to certain inferences or presumptions. Now, relative to presumptions, I charge you that all legal presumptions are rebuttable ... but in truth, there is but one type of presumption in the strict legal meaning of the word and that is merely a general rule of law that under some circumstances in the absence of any evidence to the contrary, a jury is compelled to reach a certain conclusion or fact. But a presumption so declared by the law, is only raised by the absence of any real evidence as to the existence of the ultimate fact in question. It is not in and of itself evidence, but merely an arbitrary rule imposed by law to be applied in the absence of evidence and whenever evidence contradicting the presumption is offered, the latter disappears entirely and the triers of the fact are bound to follow the usual rules of evidence in reaching their ultimate conclusions of fact. However, in mentioning the fact that whenever evidence contradicting the presumption is offered, this does not alter the rule of law that there is no burden whatsoever on a defendant to offer any testimony or any evidence whatsoever in support of his innocence. The burden is entirely on the state as I have previously charged you, to prove the guilt of the defendant beyond a reasonable doubt."

In this case, appellant offered evidence through the arresting officer, his wife and himself that he had consumed a minimal amount of beer over a sustained period, exercised vigorously while playing golf, eaten a meal, and both his wife and the officer indicated he appeared "normal." Thus in accordance with the charge of the court, the "presumption" raised by the .11 reading "disappeared" in the face of this contradictory evidence, and the jury was required to determine the issue of driving while intoxicated based upon the "usual rules of evidence." Thus, the jury was required to determine the state of intoxication (i. e., whether McCann was less safe a driver because of alcohol) based upon the appellant's asserted "normal" condition in comparison with his admitted consumption of alcoholic beverages, manifested by his conduct in speeding in disregard of the posted limit and the odor upon his breath.

Viewing the charge of the court in its entirety, we are amply satisfied that the charge on the "presumption" authorized by a breatholizer reading of more than .10 alcohol in the blood created merely a "permissive presumption" of the type considered in County

Court of Ulster County v. Allen, 442 U. S. 140 (99 SC 2213, 60 LE2d 777). Such a presumption allows, but does not require, the trier of fact to infer the elemental fact from proof by the prosecutor of a basic one. Moreover, we are convinced that the charge in this case did not place any kind of burden upon the appellant. *Skrine v. State,* 244 Ga. 520, 521 (260 SE2d 900); *Burdett v. State,* 159 Ga. App. 394 (2) (283 SE2d 622). We find no merit in the argument that the charge of the court shifted the burden to the appellant.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 21, 1983 —
REHEARING DENIED JULY 8, 1983 — ▮▮▮▮▮▮▮▮▮

*Howard Tate Scott,* for appellant.
*Ken Stula, Solicitor,* for appellee.