69988. BROWN v. THE STATE.
(330 SE2d 408)

BANKE, Chief Judge.

The defendant was convicted of driving under the influence of alcohol based on the testimony of two police officers and on the results of a breathalizer test showing his blood-alcohol content to have been .24 percent at the time of his arrest. In this appeal, he contends the trial court erred in its charge to the jury concerning the legal presumption arising from the breathalizer evidence. Specifically, he contends that the court's instruction that, "whenever evidence contradicting the presumption is offered, the presumption disappears" was burden-shifting in light of his failure to present any evidence in his own behalf.

The court's charge is virtually identical to that approved by this court in *McCann v. State*, 167 Ga. App. 368 (306 SE2d 681) (1983). We held there that the charge created merely a "permissive presumption" which "allows, but does not require, the trier of fact to infer the elemental fact from proof by the prosecutor of a basic one." Id. at 370. As was held in *Olsen v. State*, 168 Ga. App. 296 (1) (308 SE2d 703) (1983), "[w]e do not agree that the presumptions created by OCGA § 40-6-392 (Code Ann. § 68A-902.1) constitute a denial of due process and equal protection by being burden shifting where those 'presumptions' are modified in the charge to the jury as, in reality, being only 'rebuttable presumptions or inferences.'" Because the trial court in the case before us charged that the presumption arising from the results of the breathalizer test was rebuttable, we reject the argument that the charge was either burden-shifting in the first instance or that it became so because the defendant offered no evidence in his own behalf.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 2, 1985.

*Howard Tate Scott*, for appellant.

*Ken Stula, Solicitor*, for appellee.