69668. LEWIS v. THE STATE.
(330 SE2d 810)

BENHAM, Judge.

After a jury trial, appellant was convicted of possession with intent to distribute more than one ounce of marijuana. We affirm.

1. Appellant asserts that the evidence against him was insufficient to support his conviction. More specifically, he cites *Shirley v. State*, 166 Ga. App. 456 (1) (304 SE2d 468) (1983), and *Anderson v. State*, 166 Ga. App. 459 (3) (304 SE2d 550) (1983), in support of his

contention that he cannot be considered to have had actual or constructive possession of the marijuana. We disagree.

The jury was authorized to find that appellant and Billy Davis drove to Florida and met a friend who then obtained a large amount of marijuana. Davis stated that he was going to return to Georgia to sell the marijuana, and after placing the marijuana in the trunk of the vehicle, Davis, appellant, and two other people drove the vehicle to Moultrie, Georgia. After their arrival in Moultrie, appellant and Davis sold Earl King ¼ pound of marijuana. After the transaction, Davis and appellant went to see if Melvin Majors wanted to buy some marijuana, but he was not at home. When the police stopped appellant in Moultrie, he did not have actual possession of the marijuana, but he had been seen going into and out of the apartment where two bags of marijuana were found.

The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that appellant committed the crime charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-13-30. See also *McLeod v. State*, 170 Ga. App. 415 (3) (317 SE2d 253) (1984).

2. Appellant's assertion that the trial court erred in overruling his motion for severance is without merit. The grant or denial of a motion to sever is a matter within the discretion of the trial court. OCGA § 17-8-4. "The burden was on the [appellant] to show prejudice for the severance to be required. [Cit.] . . . [Appellant] has made no showing of prejudice and the denial of the motion was proper." *Whitlock v. State*, 148 Ga. App. 203 (2) (251 SE2d 59) (1978).

3. Appellant's final enumeration of error is the admission of testimony by one of the State's witnesses that he saw "one or two known drug dealers" going in and out of the apartment and that he also saw appellant go in and out of the same apartment. Appellant contends that his character was placed in evidence by the testimony. Inasmuch as there was no objection to the evidence when offered, appellant is precluded from raising the issue on appeal. *Brown v. State*, 163 Ga. App. 896 (2) (296 SE2d 185) (1982). Furthermore, our review of the record reveals that the statement was not so prejudicial as to warrant a new trial without such an objection.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 22, 1985.

*David B. Irwin,* for appellant.
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant*

*District Attorney*, for appellee.