## 70524. STEWART v. THE STATE.
(335 SE2d 603)

DEEN, Presiding Judge.

The appellant, Thomas David Stewart, was convicted of driving under the influence of alcohol, for which he was sentenced to 12 months' probation, a $600 fine, and 80 hours of community service. On appeal, he contends that portions of the trial court's instruction to the jury were burden-shifting and confusing.

At approximately 1:37 a.m. on July 18, 1984, after observing the appellant's vehicle fail to negotiate a curve properly, a police officer for the City of Athens stopped the appellant and conducted a field sobriety test. The appellant failed the test, after which the police officer read him his implied consent warning and placed him under arrest. Slightly less than an hour later, an auto-intoximeter test revealed a breath-alcohol level of 0.15 grams percent. The appellant admitted having had several drinks that night, and even that he had a drink with him in a "go" cup at the time he was stopped by the police officer, but he denied being intoxicated. *Held*:

The appellant contends that the trial court erred in failing to instruct the jury that the presumptions of OCGA § 40-6-392 were rebuttable. It is well settled that where the accusation and evidence invoke the presumptions contained in OCGA § 40-6-392, in order to avoid a burden-shifting charge a trial court must inform the jury that the presumptions are rebuttable; and this court has clearly expressed its preference for the language contained in *McCann v. State*, 167 Ga. App. 368 (306 SE2d 681) (1983), concerning the rebuttal and operation of these statutory presumptions. *Olsen v. State*, 168 Ga. App. 296 (308 SE2d 703) (1983); *Clark v. State*, 169 Ga. App. 535 (313 SE2d 748) (1984).

However, in the instant case, the state accused the appellant of having driven a vehicle with a blood alcohol content of 0.12 percent or more in violation of OCGA § 40-6-391, and sought to prove that spe-

cific violation; the state's case did not involve or invoke any of the presumptions available under OCGA § 40-6-392. *Lester v. State*, 253 Ga. 235 (320 SE2d 142) (1984). The trial court referred to the OCGA § 40-6-392 presumptions in its charge to the jury, but also clearly stated that under the state's accusation against the appellant, those presumptions did not apply. Accordingly, no explanation about the rebuttal of presumptions was necessary. Additionally, there was nothing confusing about the trial court's explanation that the presumptions did not apply and that the jury would be obligated to convict the appellant if it found that he had operated a vehicle with a blood alcohol content of 0.12 percent or more.

*Judgment affirmed. Pope and Beasley, JJ., concur. Pope and Beasley, JJ., also concur specially.*

BEASLEY, Judge, concurring specially.

While I agree with all that is said, I wish to point out a disturbingly common problem.

The confusion here occurred because the state brought a duplicitous accusation, which was not demurred to. See *Peters v. State*, 175 Ga. App. 463 (333 SE2d 436) (1985). The fact that multiple crimes were charged is apparently the reason the court instructed the jury with regard to the presumptions even though it did not have to do so. Whether those instructions were correctly stated as accurate statements of the law is immaterial. The accusation did include a charge of driving while there was .12 percent or more by weight of alcohol in defendant's blood, the evidence proved it, the court instructed on it, and the jury was authorized and did find defendant guilty of it.

I am authorized to state that Judge Pope joins in this special concurrence.

DECIDED SEPTEMBER 3, 1985 — REHEARING DENIED SEPTEMBER 24, 1985 — ▮▮▮▮▮▮▮

*Jerry L. Steering*, for appellant.
*Ken Stula, Solicitor*, for appellee.