### 70336. DRAYTON v. THE STATE.
(334 SE2d 720)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of driving under the influence (DUI). *Held*:

1. The arresting police officer testified that defendant was passed out behind the steering wheel of a station wagon which was "sitting against the curb with the engine running" and the transmission in

drive. Defendant smelled of alcohol and when officers got him out of the station wagon he was unsteady on his feet. Another officer testified as to conducting an intoximeter test on defendant's breath which produced a reading of ".15 grams percent."

Defendant enumerates as error the denial of his motion for directed verdict and motion for new trial on the general grounds, and argues that there was no evidence that he was "in actual physical control of any *moving* vehicle." See in this regard OCGA § 40-6-391. Additional issues argued by defendant as to alleged misstatements of the law made by the prosecuting attorney in colloquy with the court and argument to the jury are not relevant to our review of the trial court's rulings on these motions.

Defendant was alone in the vehicle when approached by police, however, he presented evidence that a companion had been driving him when the vehicle shut off and he pulled it over to the curb. According to defendant's evidence the companion had gone to seek help when the police arrived.

The weight and credit of the evidence and the credibility of the witnesses was for the jury to determine. The State's evidence did not fail to prove the crime alleged. *Roberts v. State*, 172 Ga. App. 139 (1) (322 SE2d 342); *Stewart v. State*, 165 Ga. App. 62 (1) (299 SE2d 134). A rational trier of fact could reasonably find proof of each of the essential elements of the offense of driving under the influence beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Lewis v. State*, 174 Ga. App. 613, 614 (1) (330 SE2d 810); *Ackerman v. State*, 174 Ga. App. 612 (332 SE2d 48). The trial court did not err in denying defendant's motion for directed verdict and motion for new trial.

2. Initially the trial court charged the jury as to the presumption of intoxication arising with a blood alcohol level of .12% or more by weight. Subsequently, in response to defendant's objection, the trial court determined that this provision was not applicable to the case sub judice which involves an offense date of December 25, 1982. The trial court corrected its charge by instructing the jury, "Members of the Jury, part of my charge was in error. I charged you in one place that [if] it was at the time .12% or more by weight of alcohol in a person's blood that you could consider that as a violation of the Georgia law. That was not the law at the time this alleged offense happened in 1982, so you will disregard that charge as if it had not been given at all." See *Burnett v. State*, 152 Ga. App. 738, 739 (264 SE2d 33).

Defendant now contends that the trial court did not clarify that a .10% level of alcohol was not a conclusive presumption. However, this assertion is contradicted by the record. The trial court charged that .10% or more by weight of alcohol gave rise to a presumption that a

person was under the influence of alcohol. The trial court further charged that such presumption was a presumption of fact which may be rebutted by other evidence. The trial court's charge clearly stated that a .10% level of alcohol did not present a conclusive presumption. We find no error here.

3. During the examination of the intoximeter operator defendant objected to his qualification to respond to the State's inquiry as to the significance of the intoximeter reading of .15 grams percent. Defendant's objection was overruled and the intoximeter operator was permitted to answer that "[t]his indicates the percentage of alcohol in a person's system within 100 cubic centimeters of blood, and the intoximeter is calibrated to register this percent." This testimony, being merely an explanation of the results of the intoximeter test, can reasonably be presumed to be within the intoximeter operator's area of expertise derived from the training prescribed as a prerequisite to certification under the provisions of OCGA § 40-6-392 (a) (1). We find no error in overruling this objection.

4. Defendant also objected to the intoximeter operator's being permitted to respond to the State's inquiry concerning the percentage at which one is "presumed to be under the influence?" In overruling defendant's objection, the trial court characterized the intoximeter operator as "an expert" and permitted him to respond. Defendant objected to this characterization and moved to strike it.

While it would appear that the intoximeter operator could be viewed as an expert in regard to the operation of the intoximeter, there is no evidence that his intoximeter training went beyond operation of the machine so as to qualify him as an expert in regard to any legal questions involved in a DUI case. Although the trial court may have erred in permitting the intoximeter operator to respond to the State's inquiry, the answer given correctly stated the law, therefore, we conclude that it is highly probable that any error did not contribute to the conviction in this case. *Borden v. State*, 247 Ga. 477, 481 (277 SE2d 9); *Blanchard v. State*, 247 Ga. 415, 417 (2) (276 SE2d 593). Also, we note that the trial court's characterization of the intoximeter operator as "an expert" occurred during a colloquy between court and counsel regarding the admissibility of evidence. " 'The inhibition against an expression or intimation of opinion by the trial judge as to the facts of the case does not extend to colloquies between the judge and counsel as to the admissibility of certain evidence, especially where the judge is ruling upon a point made by counsel for the accused.' *Waddell v. State*, 29 Ga. App. 33 (5) (113 SE 94); *Herndon v. State*, 45 Ga. App. 360 (4) (164 SE 678)." *Bradley v. State*, 137 Ga. App. 670, 673 (8) (224 SE2d 778). Enumerations 3 and 4 are without merit.

5. "Defendant objected to the officer's being permitted to give

oral testimony that he was certified at the time he tested defendant. Defendant contends that such oral testimony is barred by the best evidence rule. See OCGA § 24-5-1 et seq. (formerly Code § 38-204 et seq.). Here the question is one of the fact of issuance of the permit to the officer to operate the intoximeter in question. That fact does not involve the contents of a writing within the meaning of the best evidence rule (or as more clearly denominated, the 'original document rule'). *Merrill Lynch, Pierce, Fenner & Smith v. Zimmerman,* 248 Ga. 580, 581 (285 SE2d 181). The officer's testimony was properly admitted over defendant's objection. Accord *Hunter v. State,* 141 Ga. App. 276 (2) (233 SE2d 252); *Stewart v. State,* 165 Ga. App. 62, 63 (3) (299 SE2d 134)." *Clarke v. State,* 170 Ga. App. 852 (319 SE2d 16).

6. Defendant enumerates as error the trial court's permitting the intoximeter operator to testify as to the administration of the breath test when his (operator's) name and the results of the test did not appear on the citation as provided by Rule 570-9-.06 (11), Rules of the Department of Public Safety, as reported in the Official Compilation of the Rules & Regulations of the State of Ga., Volume 8. This contention has previously been decided adversely to defendant in *Rielli v. State,* 174 Ga. App. 220, 222 (3) (330 SE2d 104).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 5, 1985.

*John R. Calhoun,* for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney,* for appellee.