## 70778. KILGORE v. THE STATE.
### (335 SE2d 465)

SOGNIER, Judge. .

Kilgore appeals his conviction of driving under the influence of alcohol.

1. Appellant contends the trial court erred by denying his motion in limine to prevent testimony that appellant had been arrested for driving under the influence of alcohol on three other occasions, once before the incident in the instant case and twice thereafter. Appellant argues that there was no sufficient connection between the three independent offenses to make them admissible as evidence that appellant probably committed the offense charged. We disagree.

Before evidence of independent offenses is admissible it must be shown that the defendant was the perpetrator of the similar offenses, and there must be sufficient similarity or connection between the independent offenses and the offense charged so that proof of the former tends to prove the latter. *Walraven v. State*, 250 Ga. 401, 408 (4 (b)) (297 SE2d 278) (1982); *Head v. State*, 246 Ga. 360, 364 (7) (271 SE2d 452) (1980). In *Head* the defendant was convicted of two counts of committing vehicular homicide while driving under the influence of alcohol. The Supreme Court held that it was not error to allow a police officer to testify at trial that a few weeks after the vehicular homicides occurred appellant was found slumped over the wheel of his car, obviously drunk, because such testimony was admissible to show the defendant's bent of mind and course of conduct.

In the instant case the offense charged occurred on May 5, 1984. The three independent offenses of driving under the influence of alcohol occurred on April 26, 1984, June 21, 1984 and September 17, 1984. It was not disputed that appellant was the perpetrator of those offenses. Applying the rule set forth in *Head* and *Walraven*, supra, we find no error in denying appellant's motion in limine, as evidence of the independent offenses was admissible to show appellant's course of conduct.

2. Appellant next contends that assuming, arguendo, that the trial court's denial of his motion in limine was correct, it was nevertheless error to allow testimony about his other offenses as such testimony was immaterial, highly prejudicial, and placed appellant's char-

acter in issue improperly. These contentions have been decided adversely to appellant. *Davis v. State*, 249 Ga. 309, 310-312 (1) (290 SE2d 273) (1982); *Head*, supra.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 20, 1985.

*Mary P. Schildmeyer*, for appellant.
*Ralph Bowden, Solicitor, Henry Newkirk, Assistant Solicitor*, for appellee.