## 71204. GLICKSBERG v. THE STATE.
(336 SE2d 336)

BANKE, Chief Judge.
On appeal from his conviction of driving under the influence of

alcohol, the defendant contends the trial court erred in admitting the results of a breath test administered to him at the time of his arrest, without requiring the State to prove a waiver by him of his statutory right to an additional chemical test of his own choosing. He contends the trial court further erred in failing to instruct the jury on the elements of the offense for which he was on trial.

The evidence showed without dispute that before the breath test was administered, the defendant was advised of his implied consent rights pursuant to OCGA §§ 40-5-55 and 40-6-392, including the right to have an additional chemical test of his own choosing. There was no evidence as to whether he requested such an additional test. *Held:*

1. The defendant relies on this court's decision in *Steed v. City of Atlanta,* 172 Ga. App. 839 (4) (325 SE2d 165) (1984), for the proposition that, in addition to proving a DUI defendant was properly informed of his implied consent rights under the statute, the state also is required to prove an affirmative waiver by the defendant of his right to an independent test of his own choosing. However, to the extent *Steed* purported to impose such a requirement, it has recently been disavowed by this court in an opinion written by the same judge who authored that decision. See *State v. Dull,* 176 Ga. App. 152 (335 SE2d 605) (1985). Moreover, *Steed* is distinguishable in that the defendant there testified without dispute that he had requested an independent test but had not been given one, whereas the defendant in the present case offered no such testimony.

2. The "Uniform Traffic Citation, Summons, Accusation" setting forth the charge against the defendant alleged that he "did unlawfully operate a vehicle while under the influence of alcohol." The trial court's instructions adequately covered the elements of this offense. See generally OCGA § 40-6-391 (a); *Cargile v. State,* 244 Ga. 871 (262 SE2d 87) (1979).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED OCTOBER 11, 1985 —
REHEARING DENIED OCTOBER 22, 1985 — ▊▊▊▊▊▊▊▊

▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊
*Randall M. Clark,* for appellant.
*Lloyd E. Thompson, Solicitor,* for appellee.