### 71411. McNAIR v. THE STATE.
(339 SE2d 773)

POPE, Judge.

George Ray McNair, Jr. appeals his conviction of driving a moving vehicle while there was .12% or more of alcohol in his blood.

1. Appellant contends that the trial court erred in overruling his motion for directed verdict as there was no evidence that a chemical analysis test was administered as required by OCGA § 40-6-392 (a) in order to determine the blood-alcohol level. On the contrary, the officer who conducted the intoximeter test testified that he was trained, qualified and licensed to operate the machine used at the time it was done, that the machine was working correctly, that the machine indicated the amount of alcohol in the bloodstream and that this analysis of alcohol was a chemical analysis. A certified copy of the approval by the GBI Division of Forensic Sciences of the machine was introduced in evidence without objection. This was sufficient evidence to show that a chemical test was made in accord with the statutory requirements, and the trial court did not err in allowing the matter to go to the jury. See *Drayton v. State*, 175 Ga. App. 803 (3, 4, 5) (334 SE2d 720) (1985); *McElroy v. State*, 173 Ga. App. 685 (3) (327 SE2d 805) (1985); *Pierce v. State*, 173 Ga. App. 551 (3) (327 SE2d 531) (1985); *Harris v. State*, 172 Ga. App. 66 (3) (321 SE2d 803) (1984).

2. Appellant asserts that the judge should not have allowed the test results to be considered by the jury because there was no affirmative showing that he waived his right to an independent test. When appellant was read the implied consent warning advising him of his right to an additional test, he agreed to take a breath test and did not indicate a desire for an additional test. Although appellant claims he

later requested a second test, neither officer present at the time remembered this having happened. Appellant's reliance on *Steed v. City of Atlanta*, 172 Ga. App. 839 (4) (325 SE2d 165) (1984), in support of this enumeration is misplaced since the "affirmative showing" requirement of that decision has been disavowed by this court and the defendant there testified without dispute that he had requested an independent test. "Where there is a conflict over whether a defendant was advised of his right to an additional test, resolution of the question of credibility is for the trial court. [Cits.]" *State v. Dull*, 176 Ga. App. 152, 153 (335 SE2d 605) (1985); *Glicksberg v. State*, 176 Ga. App. 513 (1) (336 SE2d 336) (1985). See also *Massengale v. State*, 174 Ga. App. 480 (1) (330 SE2d 417) (1985).

3. Appellant's argument that the trial court erred in failing to give the charge approved in *McCann v. State*, 167 Ga. App. 368 (2) (306 SE2d 681) (1983), and the cases following it, in regard to the legal presumption of intoxication arising under OCGA § 40-6-392, is without merit. No pertinent objections to the charge appear in the record but in any event the jury specifically found appellant guilty under Count II of the indictment charging him with having a blood-alcohol level of .12% or greater under OCGA § 40-6-391 (a) (4), which negated the necessity for any charge regarding rebuttable presumptions. See *Stewart v. State*, 176 Ga. App. 148 (335 SE2d 603) (1985).

4. Appellant complains that the trial court erroneously permitted the officer who operated the intoximeter to testify as to the results of the test although he lacked the requisite expertise to translate a purported breath-alcohol content into blood level content, and thus was relying on the opinion, veracity and competence of others rather than his own personal knowledge. The trial judge overruled this objection on the basis that since the officer was qualified as an expert as to the physical operation of the machine, he could give the results of the test from this qualification. The officer testified: "There is as much alcohol by weight . . . in 2100 cc's of [deep lung] aereola air as there is in 1 cc of blood." From this and other testimony, and extensive cross-examination, it seems apparent to us that he was sufficiently qualified to present his analysis of the test results to the jury within the scope of his own knowledge. Accord *Drayton v. State*, 175 Ga. App. 803 (3), supra. We find no grounds for reversal.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JANUARY 15, 1986.

*Harvey A. Monroe*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.