71396, 71432. HERKERT v. THE STATE (two cases).
(340 SE2d 251)

CARLEY, Judge.

In Case Number 71396, appellant was tried on an accusation charging him with driving under the influence on July 1, 1984. In Case Number 71432, appellant was tried on an accusation charging him with driving under the influence on July 2, 1984. In each case, the trial court, sitting without a jury, found appellant guilty. Appellant has appealed from the judgments of conviction and sentences entered in each case. The enumerations of error being substantially similar, the two appeals are consolidated for disposition in this single opinion.

1. Appellant filed motions to suppress which were denied. This ruling is enumerated as error, appellant contending that neither of his arrests on the successive nights was based on probable cause.

"Credibility of witnesses, resolution of any conflict or inconsistency, and weight to be accorded testimony is solely the province of the judge on a motion to suppress. [Cits.]" *Rogers v. State*, 155 Ga. App. 685, 686 (272 SE2d 549) (1980). The evidence here authorized a finding that on each of the relevant dates, the initial stop of the vehicle was the result of the officer's observation of appellant's performance of an erratic and potentially dangerous driving maneuver, such as driving without headlights, weaving, or running onto the shoulder of the road. On each occasion, the officer based his determination that appellant was intoxicated upon such indicia as the smell of alcohol and his bloodshot eyes. Under these circumstances, the officer did not lack probable cause to arrest appellant for driving under the influence. See generally *Griggs v. State*, 167 Ga. App. 581 (1) (307 SE2d 75) (1983); *Edwards v. State*, 169 Ga. App. 958 (1) (315 SE2d 675)

(1984); *McElroy v. State*, 173 Ga. App. 685 (327 SE2d 805) (1985); *Allen v. State*, 175 Ga. App. 108 (332 SE2d 321) (1985); *Snelling v. State*, 176 Ga. App. 192, 194 (2) (335 SE2d 475) (1985).

2. Relying upon *Steed v. City of Atlanta*, 172 Ga. App. 839, 840 (3) (325 SE2d 165) (1984), appellant further contends that his motions to suppress the results of his intoximeter tests were erroneously denied.

"[U]pon reconsideration of the matter, this court declines further to endorse the novel requirement announced in [Division 3 of] *Steed.*" *State v. Dull*, 176 Ga. App. 152, 154 (335 SE2d 605) (1985). See also *Snelling v. State*, supra at 194; *Glicksberg v. State*, 176 Ga. App. 513 (336 SE2d 336) (1985). This court's determination that the holding in Division 3 of *Steed* should be disavowed has been approved by the Supreme Court. *Cunningham v. State*, 255 Ga. 35, 38 (6) (334 SE2d 656) (1985). Accordingly, this enumeration affords no basis for reversing the denials of appellant's motions to suppress.

3. The general grounds are enumerated. On July 1, 1984, appellant's intoximeter test registered .16 grams percent blood alcohol. On July 2, 1984, his intoximeter test registered .15 grams percent blood alcohol. This, coupled with the other evidence, clearly authorized the findings that appellant was guilty of driving under the influence. See generally *Allen v. State*, supra; *McElroy v. State*, supra.

*Judgments affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 30, 1986.

*Donald C. Turner, John R. Greco*, for appellant.
*Herbert T. Jenkins, Jr., Solicitor, L. Stanford Cox III, Michael S. Weldon, Assistant Solicitors*, for appellee.