## 73021. SIMON v. THE STATE.
(355 SE2d 120)

McMURRAY, Presiding Judge.

Defendant was charged by a two-count accusation with the offenses of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) (Count 1) and of driving while there was 0.12 percent or more by weight of alcohol in the defendant's blood in violation of OCGA § 40-6-391 (a) (4) (Count 2). (Defendant entered a plea of guilty to the offense of operating a motor vehicle without insurance in violation of OCGA § 33-34-12, which was charged by a separate accusation.) A jury returned a verdict of guilty as to both Count 1 and Count 2. Defendant was sentenced as to Count 1 and the no insurance offense only. Defendant appeals his conviction of the two violations of OCGA § 40-6-391. *Held:*

1. Defendant contends that the trial court erred in admitting evidence of two prior driving under the influence convictions. The prior incidents occurred on May 30, 1982 and October 27, 1982. The incident at bar occurred on October 25, 1985. "Once the identity of the

defendant is shown to be the same as that of the perpetrator of an independent crime of sufficient similarity that proof of that crime tends to prove the offense charged, evidence of the independent crime may be introduced to show identity, motive, plan, scheme, bent of mind and course of conduct. *Williams v. State,* 251 Ga. 749 (312 SE2d 40) (1983); *Head v. State,* 246 Ga. 360 (271 SE2d 452) (1980); *Hamilton v. State,* 239 Ga. 72 (235 SE2d 515) (1977)." *Cunningham v. State,* 255 Ga. 35, 37 (4) (334 SE2d 656). Identity of defendant as the perpetrator of both prior incidents was shown. The State showed that both, the prior offenses and the offenses charged, involved driving under the influence of alcohol in the metropolitan Atlanta area and that defendant was driving the same vehicle in all of the incidents. There are sufficient similarities between the incidents that the two prior incidents were admissible to show course of conduct and bent of mind. Also, we note that defendant stipulated at trial that the prior charges were similar. *Cunningham v. State,* 255 Ga. 35, 37 (4), supra.

2. During the direct examination of a State's witness called to give evidence concerning one of the prior convictions, the witness was giving a narrative of the incident when he stated "At that time I placed him under arrest for driving under the influence and left of center. There were some additional charges that were —" At this point the assistant solicitor interrupted and stopped the witness' testimony. The defendant moved for a mistrial based on the mention of other charges against defendant. The trial court gave proper and comprehensive instructions to the jury "to disregard any statement about some other charges . . . strike that from your memory and you are not to consider that in your deliberations in connection with this case." The defendant did not request further instructions or renew his motion for mistrial following the trial court's instructions to the jury. Under these circumstances an enumeration addressed to such ground is without merit. *Sheppard v. State,* 168 Ga. App. 441 (1) (309 SE2d 665); *Grayson v. State,* 159 Ga. App. 138, 139 (1) (282 SE2d 755).

3. The intoximeter operator testified that she conducted the intoximeter test on defendant at 2:49 a.m. and that the results were ".14 grams per 100 cc's of blood." On cross-examination the intoximeter operator testified that she was not able to testify as to defendant's blood alcohol content level at the time of the violation, 40 minutes earlier.

Defendant moved for a directed verdict as to Count 2 (violation of OCGA § 40-6-391 (a) (4)), driving when there is 0.12 percent or more by weight of alcohol in defendant's blood. Defendant argues that the evidence was insufficient to establish the alcohol content at the time he was driving or in actual physical control of a moving vehi-

cle. However, we have held that the absence of testimony about the metabolic rate of alcohol in the blood (presumably so as to permit calculation of the blood alcohol content at the actual time of the offense from the results of a subsequently administered chemical test) does not render the evidence insufficient to support the conviction. *Morris v. State*, 172 Ga. App. 832, 833 (1) (324 SE2d 793). A rational trier of fact could reasonably have found from the evidence adduced at trial proof of defendant's guilt of Count 2 beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Kimberly v. State*, 180 Ga. App. 521 (1) (349 SE2d 489).

4. Defendant contends that the trial court erred in its charge to the jury by giving the language of OCGA § 40-6-392 (b) (3) which states that "[i]f there was at that time 0.10 percent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of alcohol." This charge which lacks any qualifying instruction as to the effect of the presumption is impermissibly burden shifting. *Sandstrom v. Montana*, 442 U. S. 510, 517, 519 (99 SC 2450, 61 LE2d 39); *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344). While the trial court also gave the instruction discussed in the two-judge case of *Peters v. State*, 175 Ga. App. 463, 468 (2) (333 SE2d 436), concern that the jurors resolved the contradiction in instructions by choosing to abide by the mandatory presumption, requires reversal as to Count 1 (violation of OCGA § 40-6-391 (a) (1)); *Sandstrom v. Montana*, 442 U. S. 510, 515, supra. This error does not require reversal of the conviction under Count 2 (violation of OCGA § 40-6-391 (a) (4)), since the erroneous burden-shifting charge is not relevant to the determination of any of the elements of the crime established in OCGA § 40-6-391 (a) (4). See *Lester v. State*, 253 Ga. 235, 237 (2) (320 SE2d 142); *Peters v. State*, 175 Ga. App. 463, 469 (a), supra.

5. In summary, defendant's conviction and sentence as to Count 1 are reversed. His conviction as to Count 2 is affirmed. Upon the return of this case to the trial court defendant may be sentenced as to Count 2.

*Judgment affirmed in part and reversed in part. Carley and Pope, JJ., concur as to Divisions 1, 2, 3 and 5. Carley and Pope, JJ., concur specially as to Division 4, and also concur in the judgment.*

POPE, Judge, concurring specially.

Although I agree with the majority that defendant's conviction on Count 1 of the indictment must be reversed, I am compelled by what I perceive as continuing uncertainty concerning what constitutes a proper charge in a case prosecuted under OCGA § 40-6-391 (a) (1) to attempt to clarify the reasoning which I think dictates the majority's result.

Prior to our holding in *Peters v. State*, 175 Ga. App. 463 (2) (333 SE2d 436) (1985), overruled on other grounds, *Hogan v. State*, 178 Ga. App. 534 (343 SE2d 770) (1986), it was permissible in this state for a trial court to give in charge the language found in OCGA § 40-6-392 (b) (3) so long as the trial court also charged that the presumption contained in that code section was rebuttable, reasoning that such an instruction obviated any due process concerns by creating a permissible rather than a mandatory presumption. See, e.g., *Brown v. State*, 174 Ga. App. 470 (330 SE2d 408) (1985); *Olsen v. State*, 168 Ga. App. 296 (1) (308 SE2d 703) (1983); *McCann v. State*, 167 Ga. App. 368 (306 SE2d 681), cert. den., 464 U. S. 1044 (1983). In *Peters* we reexamined our previous position in light of the recent United States Supreme Court case *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), and, applying the reasoning contained therein, found that the charge previously upheld in *McCann*, supra, and its progeny, appeared to instruct the jury to apply both mandatory and permissive presumptions. We also adopted the Court's conclusion in *Franklin* that " '(a) reasonable juror could easily have resolved the contradiction in the instruction by choosing to abide by the mandatory presumption and ignore the prohibition of presumption.' *Francis v. Franklin*, [85 LE2d supra at 358.]" *Peters*, supra at 468. Thus "we . . . caution[ed] the bench and bar that, in all likelihood, such charge in the language of OCGA § 40-6-392 (b) (3) is subject to reversal based upon impermissible burden shifting, even where the jury is instructed that the presumption contained therein is rebuttable. We suggest instructing the jury in cases prosecuted under OCGA § 40-6-391 (a) (1) to the effect that where the blood-alcohol content is shown to be 0.10 percent or higher, the jury may infer that the person was under the influence of alcohol, and that whether such inference is made is a matter solely within the discretion of the jury." *Peters*, supra at 468. But see *Stewart v. State*, 176 Ga. App. 148 (335 SE2d 603) (1985).

In the present case, the trial court gave in charge both the language found in OCGA § 40-6-392 (b) (3) and that suggested by us in *Peters*. Although possibly constituting an improvement over the "rebuttable presumption charge," I agree with the majority that the charge given in the case sub judice suffers the same constitutional infirmity as that discussed in *Peters*. Thus, I find it necessary once again to caution the bench and bar concerning the possibility of reversal when the jury is charged in the language found in OCGA § 40-6-392 (b) (3); rather, I would urge the trial courts in this state to give instead the language suggested in *Peters*, which is also found in the Council of Superior Court Judges Suggested Pattern Jury Instructions, Vol. 2, Criminal Cases.

Based on the foregoing, I would remand the case to the trial

court for sentencing under Count 2.

I am authorized to state that Judge Carley joins in this special concurrence.

DECIDED MARCH 18, 1987.

*John Kirby*, for appellant.

*Ralph T. Bowden*, Solicitor, *Elliott A. Shoenthal*, Assistant Solicitor, for appellee.