73849. DION v. THE STATE.
(356 SE2d 758)

BIRDSONG, Chief Judge.

Richard Anthony Dion was charged alternatively with two counts of driving while under the influence of alcohol, Count 1 simply alleging such operation, the second alleging Dion operated the vehicle with a .12 blood alcohol content, an amount of sufficient intensity to establish intoxication as a matter of law. He was convicted of Count 1 and acquitted of Count 2. He was sentenced to 12 months probated but with 15 days to serve and a $650 fine. Dion brings this appeal enumerating three asserted errors. *Held*:

The evidence shows that Dion apparently was driving too fast for the area in which he was driving. An officer stopped him to warn him to slow down. Nothing was observed by the officer to make him think that the driving was that of an intoxicated person. When the officer approached Dion (who had voluntarily vacated his auto), the officer noticed that Dion was "wobbly" on his feet, his eyes were glassy, and there was a strong odor of alcohol about his person. The officer then arrested Dion and advised Dion of his obligation to submit to a blood or breath test and his right to elect to have a personal test made. Dion consented to the test and that test resulted in a reading of .12 level. Much evidence was adduced relative to the physical mechanics of the breathalyzer machine. Substantial doubt was cast upon the accuracy of the use of the machine and the validity of the test in Dion's situation. The State was allowed to introduce a prior arrest and conviction for DUI including a prior breath test as evidence of a course of conduct.

Dion enumerates as error the admission into evidence of the results of the test for his most recent arrest and the admission of the prior DUI and the test results involved in that arrest. We find no error in the admission of the testimony of the latest breath test nor in

the evidence of the prior arrest and conviction. Dion's attack upon the inherent invalidity of the breath analyzer and the results of the machine test was primarily addressed to the weight of the evidence and not its admissibility. Moreover, even if we were to determine it was error to allow the evidence before the court, the error would have been harmless. It is obvious the jury elected to agree with the position of Dion that the machine and its results were unacceptably inaccurate for the jury acquitted Dion of the offense predicated upon the results of the machine test. It is an old and sound rule that error, to be reversible, must be harmful. *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741). Dion's acquittal of the offense based upon the questionable evidence rendered harmless any potential error. *Henderson v. State*, 134 Ga. App. 898 (1) (216 SE2d 696).

As to the admission of evidence of the prior arrest, Dion's contention of harm has been decided adversely to his contention. The evidence clearly was admissible to show Dion's course of conduct (*Kilgore v. State*, 176 Ga. App. 121 (1) (335 SE2d 465)) and state of mind. See *Thompson v. Moore*, 174 Ga. App. 331, 332, 334 (329 SE2d 914).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 28, 1987.

*Steven T. Maples*, for appellant.

*Ralph T. Bowden, Solicitor, Susan L. Warshauer, Nancy H. Jackson, Assistant Solicitors*, for appellee.