A89A0541. HATTAWAY v. THE STATE.
(383 SE2d 140)

POPE, Judge.
Defendant Tammy Hattaway appeals from her conviction and sentence for driving under the influence of alcohol in violation of OCGA § 40-6-391. *Held:*

1. Defendant first posits the argument that the trial court erred in admitting evidence of two prior similar offenses. " 'Before evidence of similar offenses is admissible, two criteria must be met. First, it must be shown that [the defendant] was the perpetrator of the similar offenses, and second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter.' *Wimberly v. State,* 180 Ga. App. 148 (348 SE2d 692) (1986)." *Kickery v. State,* 185 Ga. App. 274, 276 (363 SE2d 805) (1987). Identity of the defendant as the perpetrator of both the prior and present offenses is not disputed in the case at bar. Rather, defendant challenges the admission of evidence of the prior offenses on the basis that the State failed to show sufficient factual similarities between the offenses. We disagree. The first incident occurred on January 5, 1985, the second incident occurred on March 13, 1987 and the present offense occurred exactly eight months later, on November 13, 1987. The first incident occurred on a Saturday night, the latter two on Friday nights. In each incident defendant was stopped between 1:00 and 2:00 a.m. in the northern metropolitan Atlanta area. Defendant was driving the same car, a 1984 Honda Accord, when she was arrested for the two most recent offenses. The

defendant submitted to State administered tests on all three occasions. Clearly, there are sufficient similarities between the two prior offenses and the offense charged in this case to warrant the admission of the prior offenses to show course of conduct and bent of mind. *Cunningham v. State*, 255 Ga. 35 (4) (334 SE2d 656) (1985); *Simon v. State*, 182 Ga. App. 210 (1) (355 SE2d 120) (1987); *Kilgore v. State*, 176 Ga. App. 121 (335 SE2d 465) (1985). The fact that defendant did not "contest" the two prior offenses is of no relevance in determining whether they were of sufficient factual similarity to warrant their admission for those purposes. We find no error.

2. Defendant also asserts as error the denial of her motion to exclude the results of two intoximeter tests performed after she was arrested, arguing that the results of said tests should have been suppressed because the arresting officer discouraged her from taking a blood test after she had elected to do so as provided by OCGA § 40-6-392 (a) (3), and forced her to accept the State's choice as to the type of independent test administered.

The evidence at the hearing on defendant's motion, consisting of the testimony of the defendant, a friend of the defendant's, and the arresting officer, shows the following: The arresting officer testified that she twice read the defendant her implied consent rights and informed her of her right to take an independent test of her own choosing as provided by OCGA § 40-6-392. The arresting officer testified that defendant was initially unsure whether or not she wanted a second test, but elected to take a second breath test after she saw the results of the first test, because "she didn't trust the machine" used to administer the first test. The officer testified that there may have been some discussion between her and the defendant prior to the time she administered the first test and that the defendant asked the officer "Do you really have to do this to me? I'm not drunk." The officer also testified that the defendant asked her "Well, do you think I ought to [take the breath test]?"

The defendant testified that while en route to the police station she "asked specifically about a blood test" but the officer told her it was too time consuming. She further testified that she again requested a blood test at the police station, was again discouraged and "thought my best alternative was to take [a] breath test." The defendant's friend, who accompanied defendant in the squad car to the police station, testified that she and the defendant "were just going back and forth trying to decide" on which test to take, and that they asked the arresting officer about a blood test and that her "impression" was that the officer indicated that the blood test "was possibly a hassle." The trial court concluded that "[b]y her own testimony, [defendant] stated that she decided that her best alternative was to take the breath test and that she was given that second breath test." We

find no error. Although the testimony of the witnesses was not without conflict, the resolution of conflicting testimony concerning the pursuit of additional testing is for the trial court. *Dozier v. State*, 187 Ga. App. 51 (1) (369 SE2d 328) (1988); *Lovell v. State*, 178 Ga. App. 366 (2) (343 SE2d 414) (1986). "[Defendant's] version of the colloquy [between her and the arresting officer] did not demand a finding of unlawful coerciveness. An arrest is, by its very nature, a coercive event and the arrestee's own subjective interpretation of that event as exceeding the permissible limits of coerciveness is not controlling." *State v. Willis*, 184 Ga. App. 639, 641 (362 SE2d 444) (1987). As there was no evidence of actual coercion in the case at bar, the trial court did not err in denying defendant's motion.

3. Lastly, defendant argues that the trial court improperly restricted her cross-examination of the arresting officer. We disagree. The trial court allowed defendant to question the officer on the issues relevant to the motion hearing, and the court specifically asked the arresting officer the question defense counsel proposed to ask the witness concerning the delay in administering the second breath test. This enumeration affords no basis for reversal.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MAY 17, 1989 —
REHEARING DENIED JUNE 6, 1989 — 

*Jones, King & King, David H. Jones* for appellant.
*Ralph T. Bowden, Jr., Solicitor, N. Jackson Cotney, Jr., R. Andrew Fernandez, Assistant Solicitors*, for appellee.