A89A0613. RILEY v. THE STATE.
(383 SE2d 172)

POPE, Judge.
Appellant Curtis Riley and co-defendant David Siler were tried jointly and convicted by a jury of the offense of trafficking in cocaine. Riley appeals, enumerating as error the denial of his motion for new trial.

1. Appellant challenges the sufficiency of the evidence, contending that the State failed to show that he was in "actual possession" of

cocaine as was then required by OCGA § 16-13-31 (a).[1] See *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988). We disagree. "The 'actual possession' required by OCGA § 16-13-31 to authorize a conviction for trafficking refers not merely to physical custody but refers to actual active participation in the possession of such substances so as to be a party to the crime of trafficking." *Barrett v. State*, 183 Ga. App. 729, 736 (2) (360 SE2d 400) (1987). See also *Cochran v. State*, 190 Ga. App. 884 (380 SE2d 319) (1989). Here the evidence, albeit largely circumstantial, was sufficient to find appellant was in joint actual possession of the contraband with co-defendant Siler. See *Ramirez v. State*, 190 Ga. App. 889 (380 SE2d 323) (1989). After careful review of the transcript, we find the evidence was sufficient to enable a rational trier of fact to find appellant guilty of the offense charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Blasengame v. State*, 187 Ga. App. 501 (3) (370 SE2d 797) (1988).

2. Appellant did not raise as error the trial court's charge on the element of possession. However, a review of the record reveals that after defining actual and constructive possession, the trial court instructed the jury that it would be authorized to convict the defendant if it found "beyond a reasonable doubt that the defendant knowingly had actual or constructive possession either alone or jointly with others." As stated in Division 1, supra, at the time of the alleged offense in the case at bar, OCGA § 16-13-31 (a) (1) required "actual" possession. Consequently, the appellate courts of this state have held that a charge such as the one given here constitutes reversible error because there is a substantial likelihood that the instruction could have been interpreted by the jury as authorizing a conviction for trafficking in cocaine on a finding of mere constructive possession. See *Lockwood*, supra; *Ramirez*, supra; *Christopher v. State*, supra; *Coleman v. State*, 189 Ga. App. 366 (7) (375 SE2d 663) (1988); *Deych v. State*, 188 Ga. App. 901 (2) (374 SE2d 753) (1988). Inasmuch as the instruction was substantially in error and harmful as a matter of law, defendant's conviction for the offense of trafficking in cocaine must be reversed. OCGA § 5-5-24 (c); *Price v. State*, 179 Ga. App. 598, 602 (347 SE2d 608) (1986); *Carswell v. State*, 179 Ga. App. 56, 60 (345 SE2d 66) (1986).

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

---

[1] The legislature has since amended that section by deleting the word "actual" preceding the word possession. However "that amendment, effective March 28, 1988, is an ex post facto law insofar as our consideration of this appeal is concerned." *Christopher v. State*, 190 Ga. App. 393, 394 (379 SE2d 205) (1989).

DECIDED JUNE 2, 1989.

*Adams & Adams, Cynthia T. Adams*, for appellant.
*Willis B. Sparks III, District Attorney, Kimberly S. Shumate, Assistant District Attorney*, for appellee.