### A89A1707. ROMANO v. THE STATE.
(388 SE2d 757)

BIRDSONG, Judge.

Edvardo Romano was convicted of trafficking in cocaine, proven in the quantity of 28 grams. On appeal he enumerates essentially two errors below. *Held*:

1. Appellant Romano complains in the first instance that because the State in a motion in limine misquoted the law on impeachment of a first offender conviction (see OCGA § 42-8-62; *Gilstrap v. State*, 250 Ga. 814 (301 SE2d 277); *Favors v. State*, 234 Ga. 80, 86 (3) (214 SE2d 645)), he was prevented from impeaching the State's witness Samoilovich. Samoilovich, who was appellant's roommate and engaged with appellant in the sale of cocaine to the undercover agent, testified at length as to appellant's involvement in the sale.

The record shows that the State did erroneously cite to the trial court that a first offender record which had been expunged could not be used for impeachment. Nevertheless, the trial court was never called upon to rule on the matter because appellant's attorney stated firmly, and apparently independently, that he had no intention of impeaching Samoilovich with his first offender record for burglary. The matter never arose. On appeal, we do not examine alleged errors which have not been objected to below and ruled upon. Failure to make a timely and specific objection to error at trial may be treated as waiver on appeal, and "issues not raised in the trial forum in any form calling for a ruling will not be considered on appeal, for this is a court for correction of errors made by the trial court." *Bennett v. State*, 187 Ga. App. 234, 235 (369 SE2d 552); *Mayo v. State*, 132 Ga. App. 217, 218 (207 SE2d 697). The trial court made no error in this case; it never ruled at all on the issue of Samoilovich's impeachment for appellant never called it into issue. His own misapprehension that he could not use the first offender record as impeachment cannot be blamed on the State in this case.

If any error at all inhered in these proceedings, we find such error was harmless beyond a reasonable doubt, because the direct evidence against Romano by other witnesses, particularly the undercover agent Yociss, was overwhelming. Agent Yociss spoke to appellant, identified then as "Ed," on the telephone to set up the "buy." A recording of this conversation was admitted into evidence. Agent Yociss, or "Diane," testified she rendezvoused at Gwinnett Mall with "Ed" and Samoilovich, as agreed; she identified appellant as "Ed." Appellant returned to his and Samoilovich's vehicle and drove it to Agent

Yociss' location; she got in the car with appellant. Appellant opened the glove compartment of the car for her, and she saw a gun and the "dope," which consisted in fact of two bags of cocaine. Upon her signal to back-up officers, appellant and Samoilovich were arrested. Even without the evidence given by the impeachable Samoilovich, this evidence is such as to enable a rational trier of fact to find appellant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Under the strong, if not overwhelming, evidence given by Yociss, who had sat in the vehicle and been shown the cocaine by appellant, it is highly probable that any conceivable error in appellant's being "prevented," as he claims, from impeaching Samoilovich, with a prior burglary offense, did not contribute to the verdict. *Hamilton v. State*, 239 Ga. 72, 77 (235 SE2d 515); *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

2. Appellant contends the trial court erred substantially in its jury charge, in persuading the jury it could convict appellant upon a finding of mere "constructive" possession, when the statute at the time of the offense proscribed, required a finding of, "actual" possession. See *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574).

The legislature has since amended the statute (OCGA § 16-13-31) at Ga. L. 1988, p. 420, § 2, to delete the language requiring proof of "actual" possession; obviously that language caused much difficulty in securing the conviction of parties to the crime of trafficking in cocaine. See, e.g., *Barrett v. State*, 183 Ga. App. 729, 735-736 (360 SE2d 400); see also *Riley v. State*, 191 Ga. App. 781 (383 SE2d 172). However, we find no such difficulty in this case, because the trial court, in instructing the jury as to the law at the time, never charged the jury it could convict if it found appellant in "constructive" possession. The trial court repeatedly charged the jury under the statute then standing, that "actual" possession must be found. The court's charge as to the law of "parties to the crime" was perfectly correct, notwithstanding any supposed difficulties in applying that concept to a requirement of "actual" possession. See, e.g., *Barrett*, supra. Besides, the evidence was that appellant was in "actual" possession to the extent that he drove the vehicle to meet the agent and, when she got in the car, he opened the glove compartment and showed her the cocaine. Obviously he "knowingly" had "direct physical control" (*Lockwood v. State*, supra) of the cocaine while he drove the car around the parking lot to meet up with Samoilovich and the agent, and while he sat in it and opened the glove compartment to show it. So, whatever the instructions, the jury could clearly find actual possession to the *Jackson v. Virginia* standard, for appellant was in "actual" possession, and therefore could not have been harmed by any supposed implication that he could be convicted upon mere constructive possession. We

find no merit in the enumerations of error dealing with this aspect of the trial court's charge.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 27, 1989.

*Pruitt & Britt, Walter M. Britt*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.