A89A1953. GARMON v. THE STATE.
(390 SE2d 882)

POPE, Judge.

Defendant Tommy Lee Garmon was indicted for the offenses of trafficking in cocaine, possession of marijuana and possession of a firearm during the commission of a crime. The trial court directed a verdict on the firearm charge and the jury found defendant guilty of trafficking in cocaine and possession of marijuana. *Held*:

1. Defendant challenges the sufficiency of the evidence, contending that the State failed to show he was in actual possession of cocaine as was then required by OCGA § 16-13-31 (a).[1] Construed so as to support the verdict, the record shows that defendant was stopped by Officer Spires of the Tifton Police Department on November 6, 1986, after Spires received information to be on the "look-out" for a car matching the description of the one defendant was driving. Spires asked defendant for his driver's license and defendant responded he did not have one. Spires then informed defendant he was going to

---

[1] "The legislature has since amended that section by deleting the word 'actual' preceding the word possession. However, 'that amendment, effective March 28, 1988, is an ex post facto law insofar as our consideration of this appeal is concerned.' *Christopher v. State*, 190 Ga. App. 393, 394 (379 SE2d 205) (1989)." *Riley v. State*, 191 Ga. App. 781, 782, n.1 (383 SE2d 172) (1989).

place him under arrest for driving without a license. Defendant informed the officer he was not going to jail and began running. Spires pursued defendant for approximately thirty-five feet (three to five seconds), but then returned to defendant's vehicle and the passenger in it. Defendant was subsequently apprehended at his mother's house. A search of the vehicle revealed a .38 caliber revolver located between the driver's seat and front console, and substances subsequently identified as marijuana and cocaine located in the console.

Defendant testified at trial that the cocaine found in the car belonged to his passenger, who was tried prior to defendant and acquitted of the charges against him, and that he did not know the passenger had drugs in his possession until shortly before they were stopped. " 'The "actual possession" required by OCGA § 16-13-31 to authorize a conviction for trafficking refers not merely to physical custody but refers to actual active participation in the possession of such substances so as to be a party to the crime of trafficking.' *Barrett v. State*, 183 Ga. App. 729, 736 (2) (360 SE2d 400) (1987). See also *Cochran v. State*, 190 Ga. App. 884 (380 SE2d 319) (1989)." *Riley v. State*, 191 Ga. App. 781, 782 (383 SE2d 172) (1989). "[T]his court [has previously] held that the driver of an automobile in which contraband . . . [was] discovered was in joint actual possession of the contraband with the . . . passenger." *Ramirez v. State*, 190 Ga. App. 889, 890 (380 SE2d 323) (1989) (referring to *Cochran v. State*, supra). Although defendant testified the contraband belonged to his passenger and that he had no knowledge that his passenger possessed contraband until shortly before they were stopped, "the weight of the evidence and credibility of witnesses are matters for determination by the jury. . . ." *Howard v. State*, 185 Ga. App. 215, 216 (1) (363 SE2d 621) (1987). See also *Reed v. State*, 186 Ga. App. 539, 540 (367 SE2d 809) (1988); *Evans v. State*, 167 Ga. App. 396, 397 (306 SE2d 691) (1983), overruled on other grounds, *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984). "Here the evidence, albeit largely circumstantial, was sufficient to find [defendant guilty of trafficking in cocaine]." *Riley*, supra at 782. See also *Dukes v. State*, 186 Ga. App. 815 (369 SE2d 259) (1988); *Howard*, supra at (1).

2. We have examined defendant's contention that the trial court erred in charging the jury that possession of contraband could be inferred from possession, custody and control of the vehicle in which the contraband was found, and find it to be without merit. *Howard v. State*, supra at (2); see also *Doe v. State*, 189 Ga. App. 793 (377 SE2d 546) (1989).

3. Defendant next contends that the trial court erred in allowing the prosecutor to propound certain questions during cross-examination of the defendant, which defendant now contends impermissibly placed his character in issue. The basis of defendant's objection at

trial, however, was that the complained of questions were based on facts not in evidence. " '[I]t is well settled that this court will not consider issues and grounds for objection which were not raised and passed upon in the trial court. (Cits.)' [Cit.]." *Ortiz v. State*, 189 Ga. App. 428 (375 SE2d 891) (1988). Accord *Napier v. State*, 184 Ga. App. 770, 772 (3) (362 SE2d 501) (1987); *Bryant v. State*, 182 Ga. App. 609, 610 (1) (356 SE2d 698) (1987).

As to defendant's contention that the prosecutor's questions were an attempt to introduce facts not in evidence, the transcript shows that the trial court, following defendant's objection, instructed the jury that the questions propounded by counsel were not to be considered as facts, and were to be disregarded by the jury in their deliberations. The record further shows that defendant did not renew his objection following the court's instruction to the jury. Consequently, we find no merit to this enumeration. See *Whisnant v. State*, 178 Ga. App. 742 (2) (344 SE2d 536) (1986).

4. Defendant next contends the State failed to show, beyond a reasonable doubt, that the quantity of cocaine seized equaled 28 grams or more. At trial, contrary to defendant's contentions on appeal, the State's expert witness testified that she weighed each bag of cocaine and emptied several of the bags in order to ascertain the weight of the containers so she could subtract that amount from the overall figure. Using this method, she concluded that the contraband weighed 28.2 grams. Based on this evidence, as well as the witness' testimony concerning the precision of the instruments used to weigh the contraband, we find the evidence was more than sufficient to authorize a reasonable juror to conclude that the contraband weighed 28 grams or more so as to authorize defendant's conviction for trafficking in cocaine. See *Newton v. State*, 191 Ga. App. 664 (382 SE2d 432) (1989).

5. Defendant also assigns error to the admission of an alleged similar transaction which occurred several months after the incident giving rise to the charges in the case at bar. "Before evidence of similar offenses is admissible, two criteria must be met. First, it must be shown that (the defendant) was the perpetrator of the similar offenses, and second, there must be sufficient similarity or connection between the independent crimes and the offense charged that proof of the former tends to prove the latter. *Wimberly v. State*, 180 Ga. App. 148 (348 SE2d 692) (1986). *Kickery v. State*, 185 Ga. App. 274, 276 (363 SE2d 805) (1987)." (Punctuation omitted.) *Hattaway v. State*, 191 Ga. App. 812 (383 SE2d 140) (1989).

Defendant does not dispute that he was the perpetrator of the similar offense, but contends that the State failed to show the requisite similarity. We disagree. As to the subsequent crime, the record shows that defendant was initially stopped for weaving, and that he

attempted to flee the scene but was immediately apprehended. At the time he was apprehended, defendant was clutching a white napkin containing marijuana and was observed dropping a plastic bag containing cocaine on the ground. Tucked inside defendant's belt was a .38 caliber revolver. Based on this evidence, we have little difficulty in concluding that there are sufficient similarities between the similar offenses and the offenses charged in this case to warrant the admission of the complained of evidence. *Roney v. State*, 192 Ga. App. 760 (2) (386 SE2d 412) (1989); *Hattaway*, supra at (1); *Lockett v. State*, 188 Ga. App. 645 (373 SE2d 768) (1988). Consequently, we find no basis for reversal.

6. We have examined defendant's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 5, 1990.

*Morris & Webster, Lee W. Fitzpatrick*, for appellant.
*David E. Perry, District Attorney*, for appellee.