## A90A0544. HEAD v. THE STATE.

(393 SE2d 730)

BIRDSONG, Judge.

Marion Edward Head appeals his conviction for trafficking in cocaine. The evidence showed that on December 3, 1988, Officer Liber, on patrol in Atlanta, saw one man standing outside a truck handing money to the driver. When Officer Liber stopped, he saw the driver (appellant) stuff something into the truck's seat. When appellant stepped out of the truck at Officer Liber's request, Liber saw on the truck seat a plastic bag containing white powder. In the crack of the seat were small pouches containing white powder. The powder proved to be cocaine, of a total weight of 26 grams. Appellant had $433 on his person. *Held*:

1. Appellant contends it was error to allow evidence of his prior drug conviction as a similar transaction (see *Hicks v. State*, 232 Ga. 393 (207 SE2d 30)), because that evidence tended only to show a general propensity rather than to prove an issue in this case.

This argument is without merit. The evidence complained of showed that about a year earlier, the same officer had arrested appellant about a block away from where he was caught in this case, and on that occasion saw appellant throw to the ground what later proved to be packets of cocaine. The cocaine was similarly packaged as in this case, and appellant had considerably more money on his person ($1,800-2,000) and less cocaine, indicating he was further along in his sales then than he was when apprehended this time.

This evidence, without doubt, contains sufficient similarities to the evidence of cocaine trafficking in this case, to show course of conduct and bent of mind (*Hattaway v. State*, 191 Ga. App. 812, 813 (383 SE2d 140)), so much so that proof of the former tends to prove the latter; and, there is no dispute that appellant was the person previously convicted of cocaine trafficking. *Barnes v. State*, 191 Ga. App. 424 (1) (382 SE2d 164). This evidence was not only highly similar, but highly relevant to the instant question. *Felker v. State*, 252 Ga. 351, 359 (1) (a) (314 SE2d 621).

2. In testifying, appellant volunteered that he tried to flee in the prior similar transaction case because he was on parole. The prosecutor then was allowed to cross-examine appellant for what crime he had been on parole.

Appellant contends this was error, under *Jones v. State*, 257 Ga. 753 (363 SE2d 529), because he did not thus put his own character in evidence; and that the error was prejudicial because the paroled offense, credit card theft, was so completely different from the crime alleged here as to prove nothing except bad character.

Appellant has misinterpreted *Jones v. State*. That decision held the State could not cross-examine as to defendant's *entire* criminal

record merely because one offense, or some offenses, had been admitted. The Supreme Court in *Jones* at p. 760, fn. 10, specifically noted that "the defendant's testimony concerning his parole opened the door to cross-examination as to *the conviction for which he was on parole*." (Emphasis supplied.)

Moreover, the gist of appellant's theory here is that the State could not in any case elicit evidence of bad character which would be "dark poison" to his presumption of innocence for this crime. This theory misses the mark. Georgia law is well established that, subject to certain rules, the State may indeed bring evidence of the defendant's "bad character," if the defendant first puts his character in issue. OCGA § 24-9-20 (b); *Jones* at 754. Thus, there is no prohibition on eliciting otherwise admissible evidence of an offense which is different from the criminal act charged, merely because it shows a general "bad character" not directly relevant to prove the crime charged. The trial court did not err in permitting the State to ask what crime appellant had been paroled from, once appellant had interjected the fact.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 25, 1990.

G. Scott Sampson, for appellant.

Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Carl P. Greenberg, Assistant District Attorneys, for appellee.