A90A1021. DINGLER v. THE STATE.
(394 SE2d 596)

DEEN, Presiding Judge.

The appellant, Larry Dingler, was convicted of theft by shoplifting and two counts of simple battery.

On May 22, 1989, a security guard for a Macy's department store at Gwinnett Place Mall observed Dingler conceal several shirts in a shopping bag and leave the store without paying for the merchandise. She followed Dingler, who bolted in the parking lot when he realized the guard was following him. The security guard caught up with Dingler, but got punched in the jaw in the process. The guard's supervisor, however, showed up and secured the arrest, although he, too, was struck by Dingler. The shoplifting bag contained 14 shirts with a value in excess of $300. *Held*:

1. Dingler contends that the trial court erred in admitting a certified copy of his 1985 conviction for theft by shoplifting 17 shirts from a Davison's Department store, which was a division of Macy's. In order for evidence of similar offenses to be admissible, it must be shown that the defendant was the perpetrator of the similar offense, and there must be sufficient similarity or connection between the similar crime and the offense charged that proof of the former tends to prove the latter. *Hattaway v. State,* 191 Ga. App. 812 (383 SE2d 140) (1989); *Coggins v. State,* 168 Ga. App. 12 (308 SE2d 36) (1983). That criterion was met in this case, and the trial court thus did nor err in admitting the evidence. Further, because that evidence was admissi-

ble, there is no merit to Dingler's contention that the prosecutor's reference to it should have prompted the trial court to give curative instructions, rebuke the prosecutor, or declare a mistrial.

2. Dingler contends that the trial court's jury charge on flight impermissibly placed upon him a burden of explanation. The specific charge was as follows: "If you find from the evidence in this case that there was flight on the part of the defendant you may consider whether or not you will draw any inference of guilt from flight [or] similar acts if any such have been proven. Flight or similar acts if any is subject to explanation. You decide the weight to be given to such evidence, if any, or whether to draw any inference of a consciousness of guilt or not." The Supreme Court has already found essentially the same jury charge on flight not to be unconstitutionally burden-shifting. *Terrell v. State*, 258 Ga. 722 (2) (373 SE2d 751) (1988).

3. The evidence authorized a rational trier of fact to find Dingler guilty beyond a reasonable doubt as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED MAY 14, 1990.

*G. Wayne Lancaster*, for appellant.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.