## 72346. LEWIS v. THE STATE.
(351 SE2d 100)

BEASLEY, Judge.

This appeal was taken from defendant's conviction of three counts of forgery in the first degree (OCGA § 16-9-1) and three counts of forgery in the second degree (OCGA § 16-9-2).

1. The state concedes the lack of evidence necessary to convict defendant of count 5, a forgery in the first degree charge. Defendant's conviction on that count is accordingly reversed.

2. The defendant contends that in charging on first degree forgery the court erred by instructing: "To knowingly pass as genuine a forged instrument is conclusive of intent to defraud."

The state argues that any error in such charge was harmless in view of the evidence which so conclusively established the guilt of the accused that as a result, beyond a reasonable doubt, the purported error did not contribute to the verdict.

As late as 1983 in this court's opinion in *Knox v. State*, 165 Ga. App. 26 (1) (299 SE2d 105) (1983), we approved the identical language used in the instruction questioned here. However, in view of the trilogy of *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), *Connecticut v. Johnson*, 460 U. S. 73 (103 SC 969, 74 LE2d 823) (1983) and *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985) that decision is no longer viable. In its present form this instruction constitutes a conclusive mandatory presumption prohibited under the above authority. The U. S. Supreme Court by a plurality in *Johnson*, supra, indicated that such instruction was the functional equivalent of a directed verdict and therefore "reversible error as a matter of law except for certain 'rare situations' in which the reviewing court can be confident that the presumption did not play any role in the jury's verdict." *Williams v. Kemp*, 255 Ga. 380 (338 SE2d 669) (1986), Chief Justice Hill's concurrence at p. 389 paraphrasing *Johnson*, supra.

Nevertheless, the Supreme Court in the recent decision of *Rose v. Clark*, ___ U. S. ___ (106 SC 3101, ___ LE2d ___) (1986) has adopted a different approach. *Rose* involved a jury charge which violated *Sandstrom v. Montana*, supra, in that the jury was instructed that all homicides are presumed to be malicious in the absence of evidence which would rebut the implied presumption. The Court held that even where there is a *Sandstrom*-defective instruction, "where a reviewing court can find that the record developed at trial establishes guilt beyond a reasonable doubt, the interest in fairness has been satisfied and the judgment should be affirmed." Id. 106 SC, at 3107.

The task for the state court, ruled the Supreme Court, is to make that determination. We therefore do so, applying the analysis developed in *Rose*.

We start with the conclusion that the instruction given was constitutionally infirm. See, e.g., *Bogan v. State*, 177 Ga. App. 614 (4) (340 SE2d 256) (1986).

The next question is whether it involved an issue which the jury had to decide. If not, of course, it was harmless error because it was irrelevant to the jury's deliberations. In this case, however, it did relate to one of the inquiries within the jury's province: "Did the state prove beyond a reasonable doubt that defendant had an intent to defraud, when he committed the act alleged?" The state must prove this specific intent, and it is not proved simply by way of the defendant's not introducing contrary evidence on the point. Just because there is some evidence of it, and no evidence of its absence, does not necessarily mean that the jury must consider itself persuaded beyond a reasonable doubt of its existence. So, we must travel farther along the analytical road.

Given that this was a jury question, did the instruction invade the jury's province so that we would have to say the court rather than the jury decided the case. This would be equivalent to a directed verdict and therefore an impermissible infection of the factfinding process at trial.

In this connection we read the whole charge, not just this excerpted sentence. As the Supreme Court said in *Rose*, a *Sandstrom* error is not "equivalent to a directed verdict for the State." Id., 106 SC, at 3107. Considering the context, the glare projected by the single statement takes on a more muted cast.

In appellant's case, the court had charged that it was the state's burden to prove beyond a reasonable doubt a specific intent to defraud, as an essential element of the crime. It emphasized that this element "must" be established in this manner. It then instructed that the jury could draw an inference of this intent from other expressly enumerated proven facts, if the jury found them. The establishment of such facts is "conclusive of intent to defraud," said the court in the challenged sentence.

The three facts which would be necessary to such a conclusion, the court had instructed, were: 1) that the alleged writing was made in the name of another or made in a fictitious name; 2) that defendant knew this fact; and 3) that he passed, tendered, or cashed it anyway. Thus the court did not interfere with the jury's function, as its obligation was still to find whether these facts were proved to it beyond a reasonable doubt. The jury, not the judge, decided whether there was the requisite intent. That is the distinction which the *Rose* Court made. Id., 106 SC, at 3107-08.

Even where the court instructs that the matter is "conclusive," the error may be harmless. This occurs in cases where "the predicate facts conclusively establish intent, so that no rational jury could find

that the defendant committed the relevant criminal act but did not *intend* to cause injury." Id., 106 SC, at 3108. We have examined all of the evidence in the case and find it overwhelming on the issue of intent, with nothing on which could be based a finding of lack of the specific intent which is an essential element. Defendant presented no evidence. He did not counter the state's evidence regarding any element, including the intent to defraud. His sole argument is that the charge "prevents explanation or rebuttal and in effect directs a verdict for the State, at least on the essential element in point." However, he presented no such explanation or rebuttal to the state's evidence. The jury would have found it unnecessary to rely on any presumption that the challenged sentence imported.

*Rose* reiterates that *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967), mandates " 'consideration of the entire record prior to reversing a conviction for constitutional errors that may be harmless.' " Id., 106 SC, at 3109. We have done so and find the error not to require reversal.

3. Defendant contends his statement regarding the location of the keys to a car was given without the necessary *Miranda* warnings (*Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966)) so that the evidence seized from the car should have been suppressed as fruit of a poisonous tree.

The State admits the *Miranda* warning was improperly administered but contends the evidence was admissible since there was an independent source providing evidence as to defendant's possession.

An eyewitness placed the defendant in the car when he departed the bank after attempting to cash a forged check. The witness gave the license number and a description of the vehicle, as well as a positive identification of the defendant. As appears from the transcript, the officers were not concerned with verifying the defendant's possession of the vehicle but only questioned him to obtain the keys so that they would not have to break into the automobile. The checks, used as evidence to convict defendant of forgery in the second degree, were in plain view on the car seat.

The U. S. Supreme Court has recognized that where there is sufficient untainted evidence from an independent source then an invalidity of one source will not permeate the whole. See *Segura v. United States*, 468 U. S. ___ (104 SC 3380, 82 LE2d 599) (1984); *United States v. Karo*, 468 U. S. ___ (104 SC 3296, 82 LE2d 530) (1984). We have often recognized this principle as was held in *Butler v. State*, 172 Ga. App. 405, 407 (2) (323 SE2d 628) (1984): "Proof of the same fact by legally admissible evidence renders harmless admission of incompetent or inadmissible evidence."

No harmful error appears from this enumerated ground.

Judgment affirmed as to counts 3, 4, 6, 7 and 8. Judgment re-

versed as to count 5 with direction that defendant be acquitted.

*Judgment affirmed in part and reversed in part with direction. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 19, 1986.

Richard E. Allen, for appellant.

Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney, for appellee.