## 74681. THE STATE v. WILLIS.
### (362 SE2d 444)

CARLEY, Judge.

By way of accusation, appellee was charged with numerous traffic offenses, including two counts of driving under the influence in violation of OCGA § 40-6-391. Appellee filed a pre-trial motion to suppress the results of the State-administered test of the alcohol content of her blood and the trial court conducted a hearing on appellee's motion.

At the hearing on the motion to suppress, there was undisputed evidence that appellee had agreed to submit to the State-administered blood test and that she had signed a written acknowledgment to that effect. That written acknowledgment contained the warning that her refusal to submit to the test would result in the suspension of her driver's license "for a period of six/twelve months." There was also undisputed evidence that appellee had been informed, verbally and in writing, of her right to an additional test and that she had initially made an election to undergo independent testing but had subsequently withdrawn her election and waived her right. Between appellee's initial election to undergo independent testing and her subsequent waiver of that right, a colloquy, the substance of which was disputed, occurred between the officer and appellee. According to the officer's version of that colloquy, he had merely asked appellee to tell him who it was that she wanted to conduct the additional testing, whereupon appellee had changed her own mind and had voluntarily elected to forego the additional test. According to appellee, however, the officer had made no such inquiry. Under appellee's version of the colloquy, the officer had instead asked "why" she wanted to have the additional test and whether she was "sure" that she wanted to exercise her right to have that additional test. Appellee further testified that, had the officer not so questioned her initial election to have an additional test performed, she would not have waived her right to that testing.

On this evidence, the trial court initially denied appellee's motion to suppress. Upon appellee's motion for reconsideration, however, the

trial court ordered suppression of the results of the State-administered test. The order granting appellee's motion to suppress states, in relevant part, that the trial court found "from the evidence that [appellee] attempted to assert her right to an additional blood test but was confused and discouraged from doing so by the officer. Further, the officer's testimony showed that he advised [appellee] that her license would be suspended for a period of six to twelve months. Under the circumstances of this case, [appellee's] license could only be suspended for six months. The Court finds from the evidence that the *possibility* of coercion of [appellee] exists with respect to [her] right to an independent blood test." (Emphasis supplied.) The State appeals from this order granting appellee's motion to suppress.

1. That appellee had been informed that her refusal to submit to the State-administered test would result in a suspension of her driver's license "for a period of six/twelve months" is a factor which should not have entered into the trial court's determination whether to suppress the results of that test. The giving of such information to an arrestee does not, as a matter of law, unlawfully coerce his submission to the State-administered test. See *Whittington v. State*, 184 Ga. App. 282 (2) (361 SE2d 211) (1987). Accordingly, the trial court erred in relying upon this factor as a basis for granting appellee's motion.

2. Appellee urges that the granting of her motion to suppress was nevertheless authorized based upon the trial court's finding that, after she had elected to undergo additional testing, the arresting officer had "confused and discouraged [her] from doing so. . . ." Appellee contends that her ultimate waiver of the right to independent testing was coerced by the arresting officer's questioning of her initial election to exercise that right. Thus, appellee urges that the grant of her motion to suppress the results of the State-administered test should be affirmed without regard to the trial court's erroneous consideration of the "six/twelve months" factor.

It is unclear whether the trial court itself considered that appellee's confusion and discouragement was an independent basis for its ruling or whether that confusion and discouragement was merely a cumulative factor which, only in conjunction with the "six/twelve months" factor, authorized its ultimate conclusion that the motion should be granted. Moreover, neither the evidentiary nor the legal basis for the trial court's finding that the arresting officer had confused and discouraged appellee is clear. In seeking reconsideration of the denial of her motion, appellee had urged the trial court to accept the applicability of various legal theories to the evidence that had been produced in the hearing. One legal theory which was advanced by appellee was that, after an arrestee has elected to undergo additional testing, the arresting officer is legally precluded from engaging in any further inquiry whatsoever with regard to the election and that,

rather than to ask who it was that appellee wanted to conduct the additional testing, the officer should merely have suggested possible arrangements to her for that testing. Under such a narrow interpretation of the permissible ambit of an arresting officer's authority under the Implied Consent Law, appellee urged the trial court to hold that she had been subjected to unlawful confusion and discouragement from undergoing additional testing, even under the arresting officer's own version of the colloquy. If the trial court's ultimate finding that appellee had been confused and discouraged by the arresting officer represents its acceptance of this legal theory advanced by appellee, the grant of appellee's motion was erroneous. It is the responsibility of the arrestee, not of the officer, to designate the specifics of the independent testing and the officer must be apprised by the arrestee of those specifics before the officer has a duty to facilitate the arrestee's election. See generally *Harper v. State*, 164 Ga. App. 230 (1) (296 SE2d 782) (1982); *Lovell v. State*, 178 Ga. App. 366 (343 SE2d 414) (1986). Accordingly, any interpretation of the applicable statutory provisions as would preclude the arresting officer from engaging in any further inquiry with regard to the specifics of the arrestee's election of an independent test must be rejected. Accepting the officer's version of the colloquy between himself and appellee as true, appellee's motion to suppress should have been denied rather than granted.

The remaining possibility is that the trial court's conclusion that the officer had confused and discouraged appellee represents its acceptance of appellee's version of the colloquy as true. If so, the trial court nevertheless failed to find that version of the colloquy had actually resulted in an unlawful coercion of appellee's waiver of the right to undergo independent testing. The trial court ultimately found merely that "the *possibility* of coercion of [appellee] exist[ed] with respect to [her] right to an independent test." (Emphasis supplied.) Appellee's waiver of independent testing was either unlawfully coerced by the arresting officer's colloquy or it was not and appellee's version of the colloquy did not demand a finding of unlawful coerciveness. An arrest is, by its very nature, a coercive event and the arrestee's own subjective interpretation of that event as exceeding the permissible limits of coerciveness is not controlling. Clearly, "the possibility of coercion" of an arrestee exists in every arrest and the mere fact that that possibility existed in this case is not a valid reason for suppressing the results of the State-administered test. Accordingly, even assuming without deciding that, under appellee's version of the colloquy, the trial court was authorized to find the existence of such actual coercive confusion and discouragement as might otherwise warrant the grant of a motion to suppress, the order which grants appellee's motion must nevertheless be reversed. The grant of a motion to suppress on the basis of the mere "possibility of coercion"

rather than upon the actual existence of unlawful coercion is predicated upon an erroneous legal theory. "[A]lthough ordinarily a judgment right for any reason must be affirmed, where it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error. [Cit.]" *Sosbee v. State*, 155 Ga. App. 196 (270 SE2d 367) (1980).

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 23, 1987.

*Patrick H. Head, Solicitor, Barbara M. Lassiter, Melodie Clayton, Assistant Solicitors*, for appellant.

*Roger J. Rozen*, for appellee.