## A89A0597. RAGAN v. THE STATE.
·(381 SE2d 589)

DEEN, Presiding Judge.

Anthony Ragan brings this appeal from his convictions of DUI, violation of probationary license, and failure to drive within a single lane.

1. Ragan first contends that the trial court erred in refusing to suppress the results of a breath test because the police refused to permit him to have a blood test administered as required under OCGA § 40-6-392.

Appellant was arrested for DUI because the arresting officer observed his vehicle weaving in the road, and he failed two field sobriety tests. The officer informed him of the implied consent warnings at the scene of the arrest, questioned him to be sure that he understood the warnings, and asked if he had any further questions. Ragan indicated that he understood and that he had no additional questions. He made no request for an additional test to either the arresting officer or the intoximeter operator when the intoximeter test was done. Appellant claims, however, that he later made such a request to the booking officer at the jail, but he did not produce this officer as a witness at trial. Another prisoner testified that shortly before Ragan was released on bond, he asked the booking officer for a blood test. At trial, Ragan testified that he was held at the jail for approximately four hours. Appellant, who was a diabetic, went to a local hospital to have his blood checked for glucose at some time shortly after his release, but did not ask for a blood alcohol test.

While law enforcement officers may not deny the accused his right to a chemical analysis of his blood by a qualified person of his own choosing, *Puett v. State*, 147 Ga. App. 300 (248 SE2d 560) (1978), the state is not required to make arrangements for the test. See *State v. Willis*, 184 Ga. App. 639 (362 SE2d 444) (1987). Moreover, such a request would have to be made within a reasonable time after appellant's arrest. Here, appellant was in the process of being released from jail some four hours after his arrest, when he decided he wanted police assistance in obtaining a test. Contrary to appellant's assertion, we find that the trial court's statement in denying the motion to suppress, that Ragan's failure to submit to a blood test after his release from jail, although he went to the hospital to check on his diabetic condition, was merely a factor in determining the credibility of his assertion that he wanted such a test and was not a statement that police error in denying the test was negated.

While appellant claimed that he had a blood sugar imbalance "which may have altered the results of the intoximeter results" in his motion to suppress, no evidence was presented that such a condition could alter the results of an intoximeter test. As this defense was not

presented at trial, it was waived. We also find no case law to support his position that because the law enforcement officers knew that he was a diabetic he should have been offered a state-administered blood or urine test.

2. Appellant also asserts the general grounds as to each of his convictions. The arresting officer had sufficient reason to make a traffic stop after observing Ragan's vehicle travel at a high rate of speed and weave across the centerline several times. Subsequent to the stop, appellant exhibited signs of intoxication and failed the field sobriety tests. The intoximeter found his blood alcohol level to be .16 grams. When the officer asked to see the accused's driver's license, Ragan produced a habitual violator probationary license. Under OCGA § 40-5-58 (e) (6) one of the conditions for having such a license is that the licensee not violate any state law. We find from the evidence adduced at trial that a rational trier of fact could find Ragan guilty of the offenses with which he was charged beyond a reasonable doubt. *Gordon v. State*, 181 Ga. App. 391, 393 (352 SE2d 582) (1986).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED APRIL 19, 1989.

*Nancy E. Bradshaw, Gregory H. Kinnamon,* for appellant.

*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney,* for appellee.