A89A2076. WATERS v. THE STATE.
(393 SE2d 280)

DEEN, Presiding Judge.

The appellant, Gloria Waters, was convicted of driving under the influence and no proof of insurance.

On the night of her arrest, Waters had travelled from her home in Alma to enjoy the food and spirits at a Waycross restaurant and bar. Having had too much to drink, she asked another patron to drive her car to his residence where she could sleep it off. Before they got there, however, this substitute driver was arrested for driving under the influence. The arresting officer gave Waters the choice of catching a ride to the police station with them, or staying in the car, and Waters chose the latter. Because of Waters' speech and the odor of alcohol about her, the police officer warned her not to drive the car. After

the officer left, however, Waters drove the car into a driveway, where she was arrested by another police officer who went to the scene after being alerted by the first officer. A word to the wise is sufficient, perhaps, but not to the intoxicated. *Held*:

1. Waters contends that her arrest was illegal and that the trial court thus erred in not suppressing the evidence obtained pursuant to that arrest. However, police officers are entitled to use information received in radio messages from other police officers as a basis for establishing probable cause. *Parker v. State*, 161 Ga. App. 37, 39 (288 SE2d 852) (1982). Based on the first police officer's observations about Waters' speech and odor of alcohol, the second officer's receipt of the radio message from the first officer to watch out for a certain vehicle with a driver whom he believed to be intoxicated, the second officer's finding the car where the first officer said it would be, and the second officer's seeing the car drive off, the trial court had a substantial basis for finding probable cause for the warrantless arrest. See *Newsome v. State*, 192 Ga. App. 846 (2) (386 SE2d 887) (1989).

2. Waters also contends that the trial court's jury charge on blood alcohol contents over .10 percent and .12 percent under OCGA § 40-6-392 (b) (3), (4), where she was formally charged with violating OCGA § 40-6-391 (a) (1), impermissibly shifted the burden of proof and allowed the jury to convict her of an offense different than the one charged. However, the charge on OCGA § 40-6-392 (b) (4) was harmless superfluity, *Courson v. State*, 184 Ga. App. 793 (363 SE2d 41) (1987), and the charge on OCGA § 40-6-392 (b) (3) was harmless, because Waters admitted in open court that she had drunk too much to drive safely. " 'A defendant's admission in open court is an admission in judicio, and the fact therein stated may be taken as true without further proof. . . . Such judicial admission is conclusive. . . . In view of the defendant's admission of guilt any alleged errors in the charge must be considered as harmless error.' " *Smith v. State*, 150 Ga. App. 498 (258 SE2d 167) (1979).

3. The trial court instructed the jury that the burden of proof rested upon the State, that there was no burden of proof upon the defendant whatever, and later charged: "Now, I'm going to prove you on an affirmative defense. That does not change the burden that is on the state. But this is a defense called justification." Contrary to Waters' contention on appeal, that instruction did not indicate that the State did not have the burden of proof on the affirmative defense of justification.

4. This case is not as difficult as made out to be by the dissenting opinions. One simple and dispositive fact in this case was Waters' admission in open court that she had drunk too much to drive on the night in question. That admission effectively eliminated as an issue whether Waters was a less safe driver at the time because of her alco-

hol consumption. Waters' only real hope for acquittal, and the only remaining issue in the case, was her defense of justification. Her *only* contention on appeal concerning the jury instruction on justification was that it impermissibly placed the burden of proof of this defense on her, but reference to the actual jury charge above clearly shows that the trial court left that burden with the State. Under the circumstances of this case, Waters' open admission in court that she was too drunk to drive rendered harmless any error in the jury charge regarding proof of this fact. The evidence authorized a rational trier of fact to reject Waters' defense of justification and find her guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, her conviction must be affirmed.

*Judgment affirmed. McMurray, P. J., and Banke, P. J., concur. Carley, C. J., and Beasley, J., concur in the judgment only. Birdsong, Sognier, Pope and Cooper, JJ., dissent.*

BIRDSONG, Judge, dissenting.

Although concurring generally with the majority opinion, I cannot agree with the holdings in Divisions 2 and 3 that the trial court's charge to the jury was not harmful error.

The record shows that Waters' sole defense was that she was justified in driving because the car created a danger to herself and others where it was parked. Thus, after preliminary charges on presumption of innocence and burden of proof, the trial court charged: "I charge you that justification as a defense must appear from the evidence and not beyond a reasonable doubt, *but by the preponderance of the evidence* which is a lesser degree of proof. If this defense is shown by the preponderance of the evidence, *it may be the duty of the jury to find the [d]efendant not guilty*." (The trial court, however, did not specify who had the burden of showing justification by a preponderance of the evidence, and it is error to place the burden on Waters. *State v. Moore*, 237 Ga. 269, 270 (227 SE2d 241); *Veit v. State*, 182 Ga. App. 753, 758 (357 SE2d 113).)

The trial court concluded the charge on justification by reading to the jury OCGA § 16-3-21 (use of force in defense of self or others); § 16-3-23 (use of force in defense of habitation); § 16-3-25 (use of force in defense of property other than a habitation); and § 16-3-25 (entrapment) and instructing, "[a]gain I tell you that we have gone through these code sections to deal with the enumerations in 16-3-20, which says in all other instances which stand upon the same footing of reason and justice as those enumerated in this article."

While I credit the trial court for attempting to fashion a charge on a difficult subject, this court must measure whether the charge was erroneous, and if so, whether Waters was harmed thereby.

Although I find Waters' counsel agreed to the reading of all the irrelevant code sections and would not find harmful error on that basis, I cannot judge the effect of the entire confusing and erroneous justification charge on the charge of driving under the influence. See *Gerald v. State*, 189 Ga. App. 155, 156 (375 SE2d 134).

The entire charge on that offense was the following: "Now, the charges here are [d]riving [u]nder the [i]nfluence of [a]lcohol or drugs; penalties for first and subsequent offenses. A person shall not drive or be in actual physical control of any moving vehicle while: (1) Under the influence of alcohol to the extent that it is less safe for the person to drive.

"Now, I'll charge you that *if a person's alcohol concentration is at least .10 grams* then *there is a presumption that that person is driving under the influence of alcohol.* But, if the person's alcohol concentration is 0.12 grams or more at any time within three hours after such driving or being in actual physical control from alcohol consumed before such driving or being in actual physical control ended. That is the charge that was made against her as to driving under the influence. That she violated that."

Of course, Waters was not charged with having an alcohol concentration in excess of .12 within three hours after driving in violation of OCGA § 40-6-391 (a) (4). She was charged only with violating OCGA § 40-6-391 (a) (1). Therefore, as this court has long recognized, no charge of § 40-6-391 (a) (4) or § 40-6-392 (b) (4) should have been given. See, e.g., *Peters v. State*, 175 Ga. App. 463, 466-468 (333 SE2d 436). Further, the charge was incomplete, confusing, and could only serve to mislead the jury to believe that Waters could be convicted by showing she had a blood alcohol concentration in excess of .12 grams or more within three hours after driving.

The relevant superior court pattern charges state the jury may infer that the defendant was under the influence of alcohol; the charge as given in this case stated there is a *presumption* the defendant was under the influence of alcohol. Webster's New World Dictionary defines "infer" as a suggestion or hint. "Presume" is defined as to accept as true; thus, we have a major difference in the pattern charge: infer (suggest or hint) and the charge given, presume (accept as true). See also *Powell v. State*, 187 Ga. App. 878, 880 (372 SE2d 234). The difference is so great that it simply cannot be deemed harmless.

Further, the charge that Waters was presumed to be driving under the influence of alcohol is constitutionally flawed. *Sandstrom v. Montana*, 442 U. S. 510, 517 (99 SC 2450, 61 LE2d 39); *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344); *Wilson v. Zant*, 249 Ga. 373, 382 (290 SE2d 442); *Simon v. State*, 182 Ga. App. 210, 212-213 (355 SE2d 120) (concurring opinion); *Peters v. State*, supra; *Stewart v. State*, 176 Ga. App. 148 (335 SE2d 603).

As there is no dispute that Waters' blood alcohol concentration exceeded .10, the charge was the equivalent of directing a verdict against her. See *Williams v. Kemp*, 255 Ga. 380, 382-386 (338 SE2d 669); *Lewis v. State*, 180 Ga. App. 890 (351 SE2d 100). It created a mandatory presumption (compare *Worth v. State*, 179 Ga. App. 207, 209-210 (346 SE2d 82)) and the error was compounded because it did not even advise the jury that the presumption was rebuttable. See *White v. State*, 255 Ga. 731, 732 (342 SE2d 304); *Williams v. Kemp*, supra at 380-382.

Although the majority finds that the error was harmless because Waters admitted she "had drunk too much," that misses the issue in this case. Of course, Waters admitted that she thought she had consumed too much to drive safely. *Her defense was not that she had not consumed too much, but that she was justified in driving regardless of her blood alcohol concentration.* Therefore, it is meaningless to say that the evidence showing she had too much to drink shows these errors were harmless. That conclusion could only be true if this court were to decide as a matter of law that one can never be justified in driving while under the influence — a conclusion even the prosecutor in this case rejected. Further, contrary to the majority's contention, Waters did not admit that she was guilty. See *Pendergrass v. State*, 245 Ga. 626, 627 (266 SE2d 225); *Robinson v. State*, 232 Ga. 123, 126 (205 SE2d 210).

The evidence showed that Waters' car was parked on the side of the street, and the evidence was that Waters drove to the next cross street, turned onto it, and parked in a driveway. This evidence and Waters' testimony that she was afraid to leave the car where it was and only moved the car to avoid a possible collision, plainly raised the issue of justification. Accordingly, Waters was entitled to a charge on justification under OCGA § 16-3-20 (6) and if the jury, under appropriate instruction, found the State had not proved beyond a reasonable doubt that Waters' driving was not justified, she was entitled to be acquitted regardless of her blood alcohol concentration.

Moreover, Division 3 of the majority opinion misses the issue presented in the charge on justification. Even disregarding the confusion caused by reading all the unrelated code sections, the charge on justification is defective because it placed the burden on someone to show the defense by a preponderance of the evidence, and it charged the jury that "it *may be the duty* of the jury to find the [d]efendant not guilty" even when the defense was established.

This charge taken with the erroneous charge on the "presumption" authorized the jury to construe the charge reasonably (see *Wilson v. Jones*, 251 Ga. 23 (302 SE2d 546)) as directing them to find Waters guilty even if they believed she proved the defense by a preponderance of the evidence. In effect, it directed a guilty verdict

based solely on Waters' blood alcohol concentration (see *Hosch v. State*, 246 Ga. 417, 420-421 (271 SE2d 817), because it removed from the State the requirement of proving beyond a reasonable doubt that her driving was not justified. Compare *Wilson v. Jones*, supra).

Since the errors in the charge are constitutional, the proper test is whether the court can conclude beyond a reasonable doubt that there was no reasonable possibility the charging errors might have contributed to Waters' conviction of driving under the influence, i.e., did not influence the jury's deliberations. See *Vaughn v. State*, 248 Ga. 127, 131-132 (281 SE2d 594).

In *Lewis v. State*, supra, this court applied a two-step analysis to determine whether this kind of error was harmful: (1) did the charge involve an issue the jury had to decide and (2) did the charge invade the jury's province so that it would have to be said that the court rather than the jury decided the case. Since the answers to both questions are obviously yes, I must dissent from the conclusion that these errors were harmless.

I respectfully dissent. I am authorized to state that Judge Sognier, Judge Pope, and Judge Cooper join in this dissent.

POPE, Judge, dissenting.

I agree with the dissent that the charge here was so fatally flawed that the judgment must be reversed, but write separately to make a few additional points on the justification charge (Division 3).

Firstly, it appears that this is a case of first impression as to whether a justification defense can be used as a defense to a driving under the influence charge. Moreover, even if there are circumstances in which the facts raise such a defense, I am not convinced by my reading of the record that a charge on justification was warranted here. See OCGA § 16-3-20 (6). Although defendant testified that she was afraid to stay in the car alone at night and that she feared the car would be hit, Officer Gibson testified that he offered to give defendant a ride to the station, but that she declined. Furthermore, the record shows that the court's charge to the jury on proving the defense of justification "by a preponderance of the evidence" was, except for the substitution of one word, requested by the defendant. "[I]nduced error cannot be complained of on appeal. [Cit.]" *Griffith v. State*, 188 Ga. App. 789, 790 (374 SE2d 359) (1988). Nevertheless, I agree with the dissent that the charge here, when taken as a whole, and especially in light of the erroneous charge allowing the jury to presume the defendant's guilt, was so confusing and misleading on the dispositive issues of this case that reversal is mandated.

DECIDED MARCH 16, 1990 —
REHEARING DENIED MARCH 30, 1990 — 

*James A. Yancey, Jr.*, for appellant.
*Douglas L. Gibson, Solicitor*, for appellee.