## A90A1540. THOMAS v. THE STATE.
(401 SE2d 345)

COOPER, Judge.

Appellant was found guilty by a jury of trafficking in cocaine. He appeals.

The evidence presented showed that agents of the Metro Drug

and Vice Squad were operating in the metropolitan Atlanta area attempting to purchase contraband drugs from dealers. When undercover agent Michael Dull contacted Dewayne "Top" Varner to arrange a purchase of cocaine, Varner told Dull to meet him the next night at a bar to make the buy. When Dull met Varner in the bar, Varner took him outside and introduced him to appellant. Appellant agreed to contact an acquaintance of his, who appellant knew to be a drug dealer and who would sell Dull the cocaine. Then, appellant drove in one car and Dull and Varner drove in another car to a grocery store where they were met by the dealer, who had the drugs in his automobile. The dealer gave a sample to appellant, who took it to Dull for approval. Dull then got out of the car and opened the trunk. which was a signal to the undercover officers present to make the arrest. Varner absconded and was never apprehended, but the dealer and appellant were arrested and charged.

On appeal, appellant contends that the evidence against him was not sufficient to allow a rational trier of fact to find proof of his guilt beyond a reasonable doubt; that the trial court erred in allowing Dull to testify about his "impressions" as opposed to his "observations"; and that the trial court erred in overruling appellant's objections to the State's questioning appellant as to whether he was a party to or aided and abetted the crime.

Appellant testified on direct and on cross-examination that he knew he was possessing cocaine, that on the night he was arrested he was involved in selling cocaine; that he was "setting up a deal, introducing two people," that he assisted and encouraged the sale by making telephone calls, that he had an ounce of cocaine in his pocket, and that it did not bother him to help move four ounces of cocaine because he was hooked on it himself. " 'A defendant's admission in open court is an admission in judicio, and the fact[s] therein stated may be taken as true without further proof. . . . Such judicial admission is conclusive. . . . In view of the defendant's admission of guilt any alleged errors in the [admission of testimony] must be considered as harmless error.' [Cit.] ' "Where in a criminal case not only the evidence but the defendant's statement demanded the verdict rendered, a new trial will not be granted, even though the judge may have committed errors in his charge to the jury, in rulings on evidence, and in refusing to order a mistrial. . . . If the jury reached the only result which was legally possible in the case, the judgment of the trial judge will not be reversed merely for the purpose of allowing the case to be heard again, in order that the same result may be more technically reached." [Cit.]' [Cit.]" *Smith v. State*, 150 Ga. App. 498 (258 SE2d 167) (1979); *Waters v. State*, 195 Ga. App. 288 (2) (393 SE2d 280) (1990).

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

Decided January 15, 1991.

*John H. Tarpley*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Robert E. Statham III, Assistant District Attorneys*, for appellee.