A91A0658. KING v. THE STATE.

(408 SE2d 509)

McMURRAY, Presiding Judge.

Via a three-count accusation, defendant was charged with driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) (Count 1) and OCGA § 40-6-391 (a) (4) (Count 2). He was also charged with driving a motor vehicle without effective insurance. Counts 2 and 3 were dismissed by the State and Count 1 was submitted to a jury. Defendant was found guilty on Count 1 of the accusation and a sentence of 12 months and a fine of $1,000 were imposed.

Defendant appeals. *Held*:

1. OCGA § 40-6-391 is not unconstitutionally vague. *Steele v. State*, 260 Ga. 835 (400 SE2d 1). The trial court did not err in overruling defendant's "motion to dismiss and plea in bar" and "motion to quash" the accusation.

2. The evidence was sufficient to enable any rational trier of fact to find defendant guilty of driving under the influence beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Ragan v. State*, 191 Ga. App. 374, 375 (2) (381 SE2d 589).

3. The trial court erred in charging the burden-shifting language of OCGA § 40-6-392 (b) (3). *Simon v. State*, 182 Ga. App. 210, 212 (4) (355 SE2d 120); *Peters v. State*, 175 Ga. App. 463, 466 (2) (333 SE2d 436). This error requires the reversal of defendant's conviction inasmuch as he was tried only for violating OCGA § 40-6-391 (a) (1). Cf. *Simon v. State*, 182 Ga. App. 210, 212 (4), supra.

We cannot accept the minority's harmless error analysis. In determining whether a constitutionally infirm charge is harmless beyond a reasonable doubt, we examine a two-prong test: (1) whether the charge pertained to a matter which the jury had to decide and, if so, (2) whether the charge so invaded the province of the jury that we would have to say that the court, rather than the jury, tried the case. *Lewis v. State*, 180 Ga. App. 890, 891 (351 SE2d 100).

It is obvious that the trial court's charge pertained to a matter which the jury needed to address. The first prong of the test is clearly satisfied.

As to the second prong, we are not prepared to say that the trial court's charge did not influence the jury's deliberations. True, there was evidence which would lead the jury to conclude that defendant operated a car under the influence of alcohol to the extent that it was less safe for him to drive: The arresting officer testified that defendant smelled of alcohol, swayed and perspired, had red eyes and a flushed face. But the evidence did not demand such a conclusion. The officer acknowledged, for example, that there were other reasons for defendant to be red in the face and to perspire. (After all, the incident took place in Pike County, Georgia, *on July 30*, 1989.) More importantly, the officer admitted that he talked with defendant for "several minutes" before he decided that defendant was under the influence of alcohol.

We cannot say the trial court's erroneous, burden-shifting charge was harmless beyond a reasonable doubt. Accordingly, defendant's conviction must be reversed.

4. The remaining enumerated errors are unlikely to occur upon retrial.

*Judgment reversed. Sognier, C. J., Banke, P. J., Birdsong, P. J., Carley, Pope and Cooper, JJ., concur. Beasley, J., concurs in Divi-*

*sions 1, 2 and 4, and in the judgment. Andrews, J., dissents.*

ANDREWS, Judge, dissenting.

I agree that it was error for the trial judge to charge the burden-shifting language of OCGA § 40-6-392 (b) (3). *Sandstrom v. Montana*, 442 U. S. 510, 517 (99 SC 2450, 61 LE2d 39) (1979); *Francis v. Franklin*, 471 U. S. 307 (105 SC 1965, 85 LE2d 344) (1985); *Simon v. State*, 182 Ga. App. 210, 212 (355 SE2d 120) (1987). However, the error was harmless under the facts of this case. See *Rose v. Clark*, 478 U. S. 570 (106 SC 3101, 92 LE2d 460) (1986).

The jury was instructed: "If there was at the time an alcohol concentration of 0.10 grams or more, it shall be presumed that the person was under the influence of alcohol as prohibited by paragraphs (1), (2), and (3) of subsection (a) of code section 40-6-391. Now I charge you that a statutory inference, an evidentiary inference is an inference of law. It is a conclusion and an inference which the law draws from given facts. The inference may be rebutted by proof." The jury was also charged that the defendant was presumed innocent, and that the state carried the burden of proving every element of the offense beyond a reasonable doubt.

This type of rebuttable presumption was characterized in *Francis v. Franklin*, supra, as a mandatory rebuttable presumption, and though " 'less onerous' than the [conclusive presumption] charge in *Sandstrom*, [the Court] found it 'no less unconstitutional' because it 'relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding.' " *Williams v. Kemp*, 255 Ga. 380, 385 (338 SE2d 669) (1986) (quoting from *Francis v. Franklin*, supra at 317). Were this strictly a conclusive presumption charge, I would agree with the majority that the conviction should be reversed, but the additional charge that the presumption may be rebutted by proof makes application of the harmless error rule appropriate, in light of the overwhelming evidence in the record. Compare *Waters v. State*, 195 Ga. App. 288, 292 (393 SE2d 280) (1990) (Birdsong, J., dissenting) (same charge given, but jury not advised that the presumption was rebuttable).

The distinction between conclusive and rebuttable presumptions requires differing applications of the harmless error rule to such burden-shifting charges. Mandatory conclusive presumptions are disapproved not only because they conflict with the accused's presumption of innocence, but also because they "invade (the) factfinding function which in a criminal case the law assigns solely to the jury." *Sandstrom v. Montana*, supra at 523. (Citation and internal quotations omitted.) In *Connecticut v. Johnson*, 460 U. S. 73 (103 SC 969, 74 LE2d 823) (1983), the Court examined application of the harmless

error rule to a conclusive presumption charge. "Under the plurality reasoning, the trial judge's instruction to the jury, that the elemental fact or facts are conclusively presumed if the predicate fact or facts are proved, is the 'functional equivalent' of the direction of a verdict on this issue. Since this would result in the jury's failing to consider whether there was any evidence on the issue, the plurality held that even overwhelming evidence on the point would not render harmless the giving of the instruction as to the conclusive presumption. As stated by the plurality, '(a)n erroneous presumption on a *disputed element* of the crime renders irrelevant the evidence on the issue because the jury may have relied upon the presumption rather than upon that evidence.'" *Williams v. Kemp*, supra at 383 (quoting from *Connecticut v. Johnson*, supra at 84-85). Thus, where such a conclusive presumption is involved a *Sandstrom* error can be harmless only in those "rare situations in which the reviewing court can be confident that [such] error did not play any role in the jury's verdict." *Connecticut v. Johnson*, supra at 87.

The harmless error rule is more widely applicable to the mandatory rebuttable presumption at issue here because, although it also conflicts with the presumption of innocence, it does not destroy the factfinding function of the jury by removing from the case the issue of whether the defendant was under the influence of alcohol to the extent that it was less safe for him to drive. "A mandatory rebuttable presumption does not remove the presumed element from the case if the State proves the predicate facts, but it nonetheless relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding." *Francis v. Franklin*, supra at 317. In the present case the jury was instructed that the presumption may be rebutted by proof. This charge extended the factfinding function of the jury to a consideration of all the evidence, rather than instructing it to ignore the evidence in favor of a conclusive presumption. In considering application of the harmless error rule to a rebuttable presumption charge, the court in *Rose v. Clark*, supra, used the traditional standard set out in *Chapman v. California*, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). "'*Chapman* mandates consideration of the entire record prior to reversing a conviction for constitutional errors that may be harmless.' The question is whether, 'on the whole record . . . the error . . . (is) harmless beyond a reasonable doubt' . . . [T]he inquiry is whether the evidence was so dispositive [of the element to be presumed] that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." (Citations omitted.) Id. at 583. See *Carella v. California*, 491 U. S. 263 (109 SC 2419, 105 LE2d 218, 226-227) (1989) (Scalia, J.,

concurring) (more expansive traditional harmless error analysis of *Rose v. Clark*, supra, for rebuttable presumptions, not acceptable for conclusive presumptions which preclude jury's factual determination of presumed element).

The evidence here shows that a police officer found King at the scene where his car was resting in a ditch off the side of the road. King admitted he was the driver of the car, and told the officer he fell asleep and ran off the road. Physical evidence at the scene showed the path of the car as it ran off the road for about 200 feet before coming to rest in the ditch. The officer testified that King had the odor of alcohol about his person, was staggering, had red eyes, a flushed face, and was perspiring. The state-administered breath test, given approximately an hour later, showed King to have an alcohol concentration of 0.13 grams. King presented no evidence in his defense. The evidence overwhelmingly establishes, beyond a reasonable doubt, that King was under the influence of alcohol while driving the car to the extent that it was less safe for him to drive. The erroneous instruction was harmless because, beyond a reasonable doubt, the jury found the facts necessary to support the conviction, rather than relying on the presumption.

DECIDED JULY 16, 1991.

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, William H. Stevens, Assistant District Attorney*, for appellee.