## A05A1073. PEREZ-HURTADO v. THE STATE.
(620 SE2d 435)

BERNES, Judge.

Appellant, 17-year-old Florentino Perez-Hurtado, was indicted by a Whitfield County grand jury for the offenses of statutory rape and child molestation. Both offenses alleged a single act of intercourse with the victim, 12-year-old C. S. Following a trial by jury, Perez-Hurtado was convicted of statutory rape and acquitted of child molestation. Hurtado contends the verdicts are mutually exclusive and the evidence is therefore insufficient. We disagree and affirm.

The verdicts in this case are not mutually exclusive. "Verdicts are mutually exclusive 'where a *guilty* verdict on one count logically excludes a finding of *guilt* on the other. (Cits.)' *United States v. Powell*, 469 U. S. 57, 69 fn. 8 (105 SC 471, 83 LE2d 461) (1984)." (Emphasis supplied.) *Jackson v. State*, 276 Ga. 408, 410 (2) (577 SE2d 570) (2003). In this case, the jury returned a verdict of guilty on one count and a verdict of *not guilty* on the other count.

> That the jury acquitted appellant of the [child molesta-tion] charge[ ] does not make the evidence of [statutory rape] any less sufficient; furthermore, even if the acquittal[ ] [is] inconsistent with the conviction, the inconsistency cannot be used as an avenue to challenge the conviction since the "inconsistent-verdict rule" has been abolished in this State. *Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216) (1986). Cf. *Dumas v. State*, 266 Ga. 797 (2) (471 SE2d 508) (1996). *Metts v. State*, 270 Ga. 481, 483 (2) (511 SE2d 508) (1999).

*Kolokouris v. State*, 271 Ga. 597, 598 (2) (523 SE2d 311) (1999).

"A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years[,] not his or her spouse. . . ." OCGA § 16-6-3 (a). Perez-Hurtado testified at trial and admitted that he had sexual intercourse with the victim and that she was not his wife. Perez-Hurtado's in judicio admissions were conclusive evidence of his guilt. See *Thomas v. State*, 198 Ga. App. 333, 334 (401 SE2d 345) (1991). Furthermore, the unrebutted evidence established that the victim was 12 years old at the time of the incident. Thus, we conclude any rational trier of fact could have found Perez-Hurtado guilty beyond a reasonable doubt of statutory rape. OCGA § 16-6-3; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED AUGUST 17, 2005.

*Michael A. Corbin, Jerry W. Moncus*, for appellant.

*Kermit N. McManus, District Attorney, Stephen E. Spencer, Assistant District Attorney*, for appellee.