## A09A0367. HUDSON v. THE STATE.
### (675 SE2d 603)

BLACKBURN, Presiding Judge.

At her bench trial on charges of driving under the influence of alcohol (DUI) per se,[1] driving without taillights,[2] failure to maintain her lane,[3] and misdemeanor obstruction of an officer,[4] Jalana Hudson

---

[1] OCGA § 40-6-391 (a) (5).

[2] OCGA § 40-8-23 (b).

[3] OCGA § 40-6-48 (1).

[4] OCGA § 16-10-24 (a).

successfully moved for directed verdict on the ground that the State failed to prove venue. She appeals the denial of her plea of former jeopardy, arguing that retrial is barred by the Fifth Amendment to the United States Constitution and OCGA § 16-1-8. For the reasons set forth below, we affirm.

"The appellate standard of review of a grant or denial of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion." (Punctuation omitted.) *Leonard v. State.*[5] Here, the record shows that Hudson was charged by accusation with DUI per se, driving without taillights, failure to maintain her lane, and misdemeanor obstruction of an officer. Thereafter, she waived her right to a jury and proceeded with a bench trial.

At trial, a sheriff's deputy testified that on the evening of January 18, 2006, he stopped a vehicle driven by Hudson after he had observed it operating without taillights and weaving in and out of its lane of travel. Upon asking Hudson for her driver's license, the deputy smelled an alcoholic beverage odor and noticed that Hudson's speech was slurred. The deputy further testified that after Hudson failed several field sobriety tests and an alco-sensor test, he arrested her for DUI. However, as he attempted to handcuff Hudson, she resisted and tried to get back into her vehicle. After the deputy subdued Hudson, she agreed to submit to the state-administered chemical test of her breath. The deputy testified that Hudson's first breath sample indicated an alcohol concentration of 0.138 grams, and her second sample showed a concentration of 0.135 grams.

At the close of the State's evidence, Hudson moved for a directed verdict on the grounds that the State had failed to prove both venue and the elements of DUI per se beyond a reasonable doubt. The trial court denied Hudson's motion for directed verdict as to the DUI per se charge but reserved ruling on whether the State had proven venue until the court could review the transcript. A few days later, following the court's review of the transcript and argument by both the State and Hudson, the court granted Hudson's motion for directed verdict on the ground that the State had failed to prove venue. After the State indicated that it would seek a retrial, Hudson filed a plea in bar on the ground of former jeopardy. The trial court held a hearing on the issue, after which it denied Hudson's plea. Hudson filed a notice of appeal in the Supreme Court of Georgia, which found that her appeal failed to raise issues invoking its jurisdiction and ordered the case transferred to this Court.

---

[5] *Leonard v. State*, 275 Ga. App. 667-668 (621 SE2d 599) (2005).

1. Hudson contends that the trial court erred in denying her plea of former jeopardy, arguing that because the court directed a verdict on the ground that the State failed to prove venue in the first trial, retrial is barred by the proscription against double jeopardy found in the Fifth Amendment to the United States Constitution. We disagree.

The Georgia Constitution requires that venue in all criminal cases must be laid in the county in which the crime was allegedly committed. Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. See also OCGA § 17-2-2. "Venue is a jurisdictional fact, and is an essential element in proving that one is guilty of the crime charged. Like every other material allegation in the indictment, venue must be proved by the prosecution beyond a reasonable doubt." (Punctuation and footnotes omitted.) *Jones v. State*.[6] The State's failure to prove venue beyond a reasonable doubt renders a verdict contrary to law. Id. at 901-902 (2). However, "[q]uestions of sufficiency of the evidence under the standard of *Jackson v. Virginia*[7] . . . and whether the State has met its burden to prove venue, are separate." *Grier v. State*.[8] See *Bradley v. State*.[9]

In *Burks v. United States*,[10] the United States Supreme Court held that when a conviction is reversed due to insufficient evidence, the defendant cannot be retried without violating the Double Jeopardy Clause of the United States Constitution. But in that same decision, the Supreme Court also distinguished between reversals based on procedural errors and reversals based upon insufficient evidence to prove guilt beyond a reasonable doubt, stating that "reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant." Id. at 15 (III). "Venue is wholly neutral; it is a question of procedure, more than anything else, and it does not either prove or disprove the guilt of the accused." (Punctuation omitted.) *Jones*, supra, 272 Ga. at 904 (4). Thus, "a failure to properly establish venue does not bar retrial, because evidence of venue does not go to the guilt or innocence of the accused, and hence it does not invoke double jeopardy concerns." Id.

Hudson further contends that the doctrine of collateral estoppel bars retrial of her case. Specifically, she argues that because the trial court ruled to allow the retrial of a case in which it had previously

---

[6] *Jones v. State*, 272 Ga. 900, 901 (2) (537 SE2d 80) (2000).
[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[8] *Grier v. State*, 275 Ga. 430, 431 (1) (569 SE2d 837) (2002).
[9] *Bradley v. State*, 272 Ga. 740, 741 (1), (2) (533 SE2d 727) (2000).
[10] *Burks v. United States*, 437 U. S. 1, 11 (III) (98 SC 2141, 57 LE2d 1) (1978).

directed a verdict as to venue, the State is impermissibly being allowed to re-litigate an issue of ultimate fact that has already been determined in her favor. This argument is belied by our own Supreme Court's and the U. S. Supreme Court's determination (as previously noted) that venue is a procedural matter and does not bear on the ultimate issue of a defendant's guilt or innocence. See *Burks*, supra, 437 U. S. at 15 (III); *Jones*, supra, 272 Ga. at 904 (4). Accordingly, the trial court did not err in denying Hudson's plea of former jeopardy on the ground that retrial is barred by the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. See *Grier*, supra, 275 Ga. at 431 (1); *Jones*, supra, 272 Ga. at 905 (4).

2. Hudson also contends that the trial court erred in denying her plea of former jeopardy, arguing that she was acquitted after the first trial and thus retrial is barred by OCGA § 16-1-8 (a) (1). Again, we disagree.

"OCGA § 16-1-8 provides expanded protection to criminal defendants facing retrial, beyond that provided by the constitutional bars to double jeopardy." *Grier*, supra, 275 Ga. at 431 (2). Subsection (a) (1) of that statute provides: "A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution [r]esulted in either a conviction or an acquittal. . . ." However, subsection (d) (1) of the statute provides: "A prosecution is not barred within the meaning of this Code section if [t]he former prosecution was before a court which lacked jurisdiction over the accused or the crime. . . ." "A court in which venue is not proved does not have jurisdiction over the crime." *Grier*, supra, 275 Ga. at 432 (2). "Where venue is not established by the [S]tate, any ensuing judgment is void, although reversal of a conviction on this basis does not prevent retrial in a court where venue is proper and proven." (Punctuation omitted.) Id. See *Trogdon v. State*.[11]

Here, the State failed to establish venue, and thus the trial court did not have jurisdiction over Hudson's case. Thus, under OCGA § 16-1-8 (d) (1), the State is not barred from retrying this matter and attempting to prove that venue is proper in this trial court. See *Grier*, supra, 275 Ga. at 432 (2). Accordingly, the trial court did not err in denying Hudson's plea of former jeopardy.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MARCH 19, 2009 —

---

[11] *Trogdon v. State*, 176 Ga. App. 246, 247 (1) (335 SE2d 481) (1985).

*Benjamin A. Davis, Jr.,* for appellant.

*Brian K. Fortner, Solicitor-General, Katherine L. Iannuzzi, Assistant Solicitor-General,* for appellee.