**FIRST DIVISION**
**DOYLE, C. J.,**
**ANDREWS, P. J., and RAY, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 15, 2016**

# In the Court of Appeals of Georgia

A16A0891. STATE v. WALLACE

RAY, Judge.

Following a traffic stop, Charles Wallace was charged with possession of marijuana with intent to distribute (OCGA § 16-13-30 (j) (1)), driving with a suspended license (OCGA § 40-5-121 (a)), and improper lane change (OCGA § 40-6-48 (1)). Wallace filed a motion to suppress all evidence recovered during the search of his vehicle, challenging the basis for the traffic stop and alleging that law enforcement lacked probable cause to detain him and search his vehicle. The trial court granted the motion to suppress, however, on the basis that the State failed to establish venue at the pre-trial suppression hearing. The State appeals, contending

that the trial court misapplied the law when it suppressed the evidence on that basis.[1]

For the reasons that follow, we reverse the trial court's judgment and remand this case for further proceedings consistent with this opinion.

"When the evidence at a suppression hearing is uncontroverted and the credibility of witnesses is not in question, we conduct a de novo review of the trial court's application of the law to the undisputed facts." (Citation omitted.) *Jones v. State*, 291 Ga. 35, 36-37 (1) (727 SE2d 456) (2012).

The record shows that on August 27, 2015, two officers of the Atlanta Police Department initiated a traffic stop because the vehicle operated by Wallace made an abrupt and improper lane change without using its turn signal. As the two officers approached Wallace's car, they smelled a strong odor of marijuana coming from inside the vehicle. During initial questioning, Wallace stated that he did not have a driver's license, and a computer check of the identification information that Wallace provided to the officers revealed that his driver's license had been suspended. Based on the officers' detection of the odor of marijuana, Wallace's vehicle was searched and a large vacuum-sealed bag and several smaller sandwich bags containing

---

[1] Although we extended the time for Wallace to file an appellee brief, he did not file a brief in response to the State's appeal. Additionally, we note that no appearance was made by appellee's counsel at oral argument.

marijuana, along with a digital scale, were found in a bookbag on the passenger side floorboard of his vehicle. Wallace's person was also searched, and $365 in small denominations were found in his front pocket.

Wallace's written motion to suppress was premised on the grounds that the officers lacked a reasonable basis for the traffic stop and lacked probable cause to detain him and search his vehicle. At the pre-trial hearing on the motion, the State presented evidence that was narrowly tailored for the trial court's consideration of these issues. Although the State established that the traffic stop and the resulting search and seizure occurred in Atlanta on Martin Luther King, Jr. Drive, it is undisputed that the State did not attempt to establish venue in Fulton County.

At the conclusion of the pre-trial hearing, Wallace moved to have the evidence suppressed on the ground that the State did not establish venue. Apparently without addressing the issues raised in the written motion to suppress, the trial court suppressed the evidence and dismissed the case on the narrow basis that the State "failed to establish venue of this case within Fulton County." This appeal ensued.

1. The State argues that venue is a jurisdictional fact to be proven at trial, and that it has no bearing on the relevant issues of whether the officers had a reasonable basis for the traffic stop or whether the warrantless search of the vehicle was

3

supported by probable cause. Accordingly, the State contends that the trial court erred in granting the motion to suppress on the basis of venue. We agree.

Georgia's exclusionary rule, codified at OCGA § 17-5-30, provides for the suppression of evidence obtained from an unlawful search. See OCGA § 17-5-30 (a); *Harvey v. State*, 266 Ga. 671, 672 (469 SE2d 176) (1996); *Boatright v. State*, 225 Ga. App. 181, 183 (2) (483 SE2d 659) (1997). The exclusion of evidence is not a constitutional right; it is a judicially created remedy[2] which acts as a deterrent to safeguard a person's Fourth Amendment right against unreasonable searches and seizures. See U. S. CONST. amend. IV; *Black v. Wigington*, 811 F.3d 1259, 1267 (III) (B) (11th Cir. 2016); *Harvey*, supra at 671; *State v. Young*, 234 Ga. 488, 491 (1) (216 SE2d 586) (1975).

Venue relates to the *place of the trial* because criminal actions are required to be *tried* in the county where the crime occurred, unless otherwise provided by law.[3] See Ga. Const. of 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a). Accordingly, venue is a jurisdictional fact and an element of the crime which the State must prove

[2] We note, of course, that in Georgia the exclusionary rule has been statutorily adopted by the General Assembly.

[3] We note that the formal accusation charging Wallace with the stated offenses alleges that the offenses occurred in Fulton County.

4

beyond a reasonable doubt at trial. See *Twitty v. State*, 298 Ga. 204, 206 (2) (779 SE2d 298) (2015); *Graham v. State*, 275 Ga. 290, 292 (2) (565 SE2d 467) (2002); *State v. Hasson*, 334 Ga. App. 1, 4 (1) (778 SE2d 15) (2015); *Mock v. State*, 306 Ga. App. 93, 96 (1) (701 SE2d 567) (2010). Ultimately, it is up to the trier of fact at trial to determine whether venue has been sufficiently established.[4] See *Graham*, supra. The State did not need to establish venue at the pretrial hearing on Wallace's motion to suppress as it was not relevant to the issues raised in his written motion.

As the issue of venue has no bearing on whether the officers had a reasonable basis for the traffic stop or whether the resulting search of Wallace and his vehicle were supported by probable cause, we find that it was erroneous for the trial court to suppress the evidence on the basis of venue. "[W]here it is apparent that the court rests its judgment on reasons which are erroneous or upon an erroneous legal theory, it commits reversible error." (Citation and punctuation omitted.) *State v. Willis*, 184 Ga. App. 639, 641 (2) (362 SE2d 444) (1987). In reaching its decision on the narrow grounds stated in its written order, it is apparent that the trial court did not address the

---

[4] Notably, even the State's failure to establish venue *at trial* will not bar the retrial of a criminal defendant for the same offense because the failure to establish venue is a procedural defect which may be cured by the State upon retrial. *Stockard v. State*, 327 Ga. App. 184, 188-189 (2) (761 SE2d 351) (2014); *Hudson v. State*, 296 Ga. App. 758, 760 (1) (675 SE2d 603) (2009). Accord *Twitty*, supra at 207-208 (2).

merits of the issues raised in Wallace's written motion to suppress. Accordingly, we reverse the trial court's judgment and remand the case with direction that the trial court make a determination on whether the officers had a reasonable basis for the traffic stop and whether the resulting search was supported by probable cause, after consideration of the evidence that was presented at the hearing. See generally, *State v. Hogans*, 301 Ga. App. 261, 264 (2) (687 SE2d 230) (2009); *State v. Willis*, 207 Ga. App. 76, 77 (427 SE2d 306) (1993).

2. The State also argues that the trial court erred in granting the motion to suppress on the basis of venue because Wallace did not raise the issue in his written motion to suppress and, thus, the State was not properly placed on notice that the issue of venue would be raised at the hearing. In light of our holding in Division 1, we need not address this argument.

*Judgment reversed and case remanded with direction. Doyle, C. J., and Andrews, P. J., concur.*